ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY *vs.* CITY OF MINNEAPOLIS.

### July. 18, 1890.

**Railway Company—Dedication of Highway Crossing.**—Where a railway company laid its track over a travelled street 'or road used by the public as a highway, which had not theretofore been legally laid out as such, and the public thereafter continued to use the crossing as a highway for many years, without interference by the railway company, which, on the contrary, kept the same in proper repair for public use, and planked the same, and built cattle-guards on each side thereof, *held* sufficient evidence of a dedication thereof for public use as a highway.

. Action brought in .the district court for Hennepin county, to vacate proceedings for laying out a street or road known as Como Avenue across the plaintiff's roadway, and to enjoin the use of the same by defendant as a public highway.   Appeal by plaintiff from an order refusing a new trial, after a trial before *Hicks,* J., and judgment directed for defendant.

*M. D. Grover* and *Benton & Roberts,* for appellant.

*Robert D. Russell,* for respondent.

VANDERBURGH, J.   This action involves the legal validity as a public highway of a travelled road or street which crosses the right of way and track of the plaintiff at the place designated in the complaint, the line and location of which are therein particularly described.   The route of this road or street at and on each side of the crossing, as now used and travelled by the public, had been so used and travelled prior to the year 1870, during which year an attempt

was made to lay out, and make the same a part of, a state road from St. Paul to St. Anthony, pursuant to an act of the legislature; and a plat and survey thereof was made and duly filed. The complaint admits that after this survey was made a road was constructed on the line thereof, extending to the right of way, and on each side thereof. It is conceded that the act under which the proceedings were had was invalid, but it clearly appears from the evidence in the case that the road, including the railway crossing, has ever since been openly used as a highway and thoroughfare by the public, and that it has been so recognized by the plaintiff; and the court finds that "the road has been worked by the public authorities on both sides of plaintiff's railroad where it crosses the same, though no such public work has been done on the crossing over plaintiff's right of way;" and also that in the year 1870, or shortly prior thereto, the plaintiff itself caused the crossing to be covered with plank between the rails, so as to afford a safe and convenient crossing for the public, and also constructed cattle-guards across its right of way on either side of such crossing, and has since continuously maintained the cattle-guards and planked roadway. There was, of course, no occasion for the public to make repairs and improvements on the line of the crossing where it was satisfactorily done by the plaintiff; and they were manifestly made for the public use and protection. The evidence is clearly sufficient to support the findings of the court, and to warrant its conclusion that the *locus in quo* has been dedicated to public use for a highway or street, and the defendant is entitled to maintain and keep open the same. Here we find the public user and acceptance, and a clear recognition of the existence of the highway, and assent to its maintenance, supported by plaintiff's own voluntary acts in aid and furtherance of the public use. The case made by the findings and evidence is clearly within the rule recognized by this court in previous decisions. *Morse* v. *Zeize*, 34 Minn. 35, (24 N. W. Rep. 287;) *Skjeggerud* v. *Minn. & St. Louis Ry. Co.*, 38 Minn. 56, (35 N. W. Rep. 572;) *Ellsworth* v. *Lord*, 40 Minn. 337, (42 N. W. Rep. 389.)

The court finds, generally, a dedication of the *locus in quo* to public use, but does not distinctly find as to the *status* thereof as a high-

way at the time when the plaintiff acquired its right of way; and hence that is a question not necessary or proper to be considered on this appeal.

Order affirmed.