Filed Sept. 13, 1892.

---

No. 331.

## THE OHIO AND MISSISSIPPI RAILWAY COMPANY v. MCDANELD.

PRACTICE.—*Bill of Exceptions.*—*Motion to Make More Specific.*—*How Brought into Record.*—Where a bill of exceptions relating to the ruling of the court in overruling a motion to make the complaint more specific was filed, but it did not contain the motion, and it was stated in the bill that the motion was in writing and filed in open court, and reference was made to certain pages of the transcript, on which pages the motion appeared, no question on such ruling was presented on appeal. A motion to make a complaint more specific must be brought into the record by bill of exceptions or by special order of the court.

RAILROAD.—*Action for Personal Injuries.*—*Complaint.*—*Contributory Negligence.*—In an action against a railroad company to recover for personal injuries, the complaint alleged that the plaintiff was driving in the night-time along a public highway which crossed the defendant's railroad; that a train of the defendant was backed toward and over said crossing, and the defendant carelessly and negligently omitted while approaching said crossing to give any signal by bell or whistle, or oth-

The Ohio and Mississippi Railway Company v. McDaneld.

erwise; that before crossing the railroad track the plaintiff stopped and listened, but on account of the negligence of the defendant, he neither saw nor heard any train approaching; and that the accident occurred without any fault or negligence on his part.

*Held,* that the complaint showed that the plaintiff was not guilty of contributory negligence.

SAME.—*Section 4020, R. S. 1881, Construed.—Statutory Signals at Highway Crossing.—When Inapplicable.*—Section 4020, R. S. 1881, providing what signals shall be given when a locomotive engine approaches a highway crossing, is not applicable by its terms to a train of cars without an engine. Those in charge of such a train, however, will not be relieved from the obligation to take such other proper precaution, as the circumstances require, to avoid injury.

SAME.—*Train Without Engine Passing over Highway Crossing.—Negligence.—Instructions to Jury.*—Whether it is negligence to detach cars from a train and to permit them to proceed along the track and over a highway crossing without an engine attached, must depend upon the circumstances of the particular case. The facts may be of such a character, shown by undisputed evidence, that the conduct of the company may be said to be negligent *per se,* but usually it will be a question for the jury under proper instructions.

SAME.—*Recovery upon Erroneous Theory.*—Where an action against a railroad company for personal injuries received at a highway crossing from collision with a train of cars without an engine, was tried upon the theory that the action was based upon the negligent omission of the statutory signals alone, which the defendant was not required to give, it can not be concluded that the jury found for the plaintiff on the ground that the defendant was chargeable with some other negligence, and a verdict in his favor must be set aside.

From the Clark Circuit Court.

*J. K. Marsh,* for appellant.

*A. Dowling,* for appellee.

BLACK, J.—The appellant's motion to require the appellee to make his complaint more specific was overruled. Such a motion must be brought into the record by bill of exceptions or by special order of the court. *Thomas* v. *Griffin,* 1 Ind. App. 457; Elliott App. Proc., sections 190, 191, 814.

A bill of exceptions relating to this ruling was filed, but it does not contain the motion. It is said in the bill that the " motion was in writing, and filed in open court, and reads

as follows, to wit (heretofore set out in this record, on pages 3 and 4)." On the pages of the transcript to which reference is thus made, there is such a written motion; but a written instrument, which is not a proper part of the record, can not be brought into the record by a bill of exceptions without incorporating it in the bill. *Crumley* v. *Hickman*, 92 Ind. 388; *Board, etc.,* v. *Karp,* 90 Ind. 236.

A demurrer to the complaint was overruled.

The complaint, after its preliminary averments, alleged that, on, etc., in the night time, the appellee, with a wagon and horse, of the value of, etc., and a set of harness, of the value of, etc., all being the property of the appellee, was carefully driving along a certain public highway, known as the dirt road, which crosses the appellant's railroad near the town of Watson, and as the appellee reached said crossing, the appellant caused one of its locomotives and a train of cars to approach said crossing and pass rapidly over the track of said railroad; that said train was backed toward and over said crossing, and the appellant negligently and carelessly omittted, while so approaching said crossing, to give any signal by bell or whistle, or otherwise; that before crossing said railroad track, the appellee stopped his horse and looked and listened, but, on account of the negligence of the appellant, he neither saw nor heard any train approaching; and by reason of said negligence, and without any fault or negligence on the part of the appellee, one of the cars of said train struck his said wagon and horse, then crossing said track, thereby greatly bruising and injuring said horse, and breaking said wagon and harness, and throwing the appellee with great violence to the ground, bruising and injuring him, etc., to his damage, etc.

It scarcely need be said that a complaint may be open to criticism for want of certainty, so that a motion to require it to be made more specific should be sustained, and yet may be sufficient on demurrer. Whether this complaint might properly be so criticised or not we need not inquire. If the

particular averments relating to the care taken by the appellee would not be sufficient of themselves, they do not show that he was chargeable with contributory negligence, and are not inconsistent with the general allegation of the absence of fault or negligence on his part. *Chicago, etc., R. R. Co.* v. *Nash,* 1 Ind. App. 298.

The complaint shows that the appellee and his property, without his fault or negligence, were injured by the negligence of the appellant in a specified omission. It presented a cause of action. *George H. Hammond & Co.* v. *Schweitzer,* 112 Ind. 246; *Town of Rushville* v. *Adams,* 107 Ind. 475; *Boyce* v. *Fitzpatrick,* 80 Ind. 526.

The appellant's motion for a new trial was overruled. In discussing this ruling counsel for the appellant contend that there was what they call a fatal variance; that the facts stated in the complaint were not proved, but that a different state of facts was shown by the evidence.

It appeared in evidence that the collision occurred after dark on a cloudy, misty evening; that an engine with two cars attached behind it backed from the main track into a side-track, where four other cars were coupled to the train; that the six cars were drawn by the locomotive out upon the main track; that the locomotive then ran backward, pushing the six cars along the main track toward the highway crossing; that at a point about eighteen hundred feet from the crossing the four cars, with one brakeman upon them, were detached and allowed to continue to run upon a down grade to and beyond the highway crossing; that the locomotive then backed the two cars upon the side-track and left them there, and came out upon the main track, and, running backward, followed the four cars, reaching the crossing some minutes after the collision.

The statute, section 4020, R. S. 1881, providing that when a locomotive engine approaches a highway crossing, and is not less than eighty nor more than one hundred rods from it, the whistle on the engine shall be sounded and the bell

attached to the engine shall be rung continuously thereafter until the engine shall have fully passed the crossing, is not applicable by its terms to a train of cars without an engine. Of course, it is impossible for persons in charge of a train without an engine to sound an engine whistle or to ring an engine bell.

That the omission of the signals so required by statute is actual negligence is so well settled that the citation of authorities can not be needed. It is not to be left to the jury to determine whether or not such omission is negligence; it will be declared by the court, as a matter of law, to be negligence.

Allowing cars without an engine attached to proceed alone over a highway crossing has the elements of danger to travellers upon the highway which pertain to a running or flying switch. *Chicago, etc., R. R. Co.* v. *Dignan,* 56 Ill. 487.

In *Pennsylvania Co.* v. *State, etc.,* 61 Md. 108, making a running switch is characterized as the grossest negligence.

" To cut loose and send such a dangerous train into a city, across and along public thoroughfares, silent in its approach and dangerous in its force, seems to be a high degree of negligence." *Illinois Central R. R. Co.* v. *Baches,* 55 Ill. 379.

"All know that a flying switch, passing on a track without an engine attached, or a bell ringing, or a whistle sounding, is and must, from the very nature of things, be more perilous to life than a switch with an engine attached, with the usual signals being sounded. The object of having a bell rung or a whistle sounded at road crossings * * is wholly defeated by the use of this mode of switching, and when employed, it necessarily implies negligence on the part of the company." *Illinois Central R. R. Co.* v. *Hammer,* 72 Ill. 347.

Where the plaintiff, while crossing a railroad upon a highway, was struck by some cars which had been detached purposely from a train that had passed, and which, without

The Ohio and Mississippi Railway Company *v.* McDaneld.

warning of their approach, followed the train over the crossing, it was held that there could be no question of the negligence of the defendant. *French* v. *Taunton, etc., R. R.,* 116 Mass. 537.

In *Ferguson* v. *Wisconsin, etc., R. R. Co.,* 63 Wis. 145 ; 19 Am. and Eng. R. R. Cas. 285, it was held that in the making of a running switch at a point where the railroad track crosses public business streets in populous villages,it is the duty of the railroad company to use the utmost care to avoid accidents, and that whether it has been guilty of negligence is a question for the jury, to be determined on consideration of all the facts and circumstances of the case.

In *Kay* v. *Pennsylvania R.R.Co.,* 65 Pa. St. 269, where the negligence charged consisted in sending a car around a curve out of sight, on a descending grade, at a place where persons might be expected to be, from the permissive use suffered by the company, it was held to be the duty of the court to submit the facts to the jury for their determination whether there was negligence or not.

In *Howard* v. *St. Paul, etc., R. W. Co.,* 32 Minn. 214 (19 Am. and Eng. R. R. Cas. 283), it was said : " When the manner of running the cars across the street by ' kicking,' and the situation of the tracks, had been explained to the jury, and the rate of speed at which they were run across shown,together with the character of the night as to darkness, and of the street as to the extent to which it was travelled, it was peculiarly the province of the jury to determine whether the rate of speed was reasonable, and whether ' kicking ' the cars— that is, giving them an impetus sufficient to carry them to the desired point—is a more dangerous mode of running them across a street than running them across with the engine, and whether it is any more convenient."

A railroad company has a right to use all portions of its railway at all times for all proper purposes, exercising due precaution for the safety of persons rightfully using a high-

way crossing it. The sounding of the engine whistle and the ringing of the engine bell are particular duties prescribed expressly by the statute. The performance of the duties so prescribed may not be sufficient warning in a particular case to relieve the company from the imputation of negligence. If some other needed mode of warning be omitted, this failure of the company to perform its duty will constitute negligence whether the statutory duties be performed or not.

. Whether it is negligence to detach cars from a train, and to permit them to proceed along the track and over a highway crossing without an engine attached, must depend upon the circumstances of the particular case. It is not made negligence by statute.

The facts may be of such a character, shown by undisputed evidence, that the conduct of the company may be said to be negligent *per se;* but usually it will perhaps be a question for the jury under proper instructions.

When an engine whistle is not sounded, and an engine bell is not rung by those in charge of a train of cars which has no engine attached to it, the persons in charge of the train are not violating the statute, however negligent they may be in failing to take proper precaution to avoid injury. Precautions may be taken by placing lights upon a moving car, by keeping a servant upon the car to call out and to apply brakes, by sending a person along the track in advance, by supplying the car with proper appliances to stop it at need, etc. If the time be a dark, rainy night, the precautions should be adapted to this circumstance. If those in charge of a train voluntarily deprive themselves of the possibility of giving the engine signals required by statute when an engine is approaching a crossing, they will not therefore be relieved from the obligation to take other proper precaution.

It is not our purpose to express an opinion as to whether or not the evidence in the case before us proved negligence on the part of the appellant. If the complaint can be said

The Ohio and Mississippi Railway Company *v.* McDaneld.

to charge negligence only in the omission of the statutory signals, the evidence does not sustain the complaint.

Counsel for the appellee, in argument contends, that the complaint not only alleges the omission of the statutory signals, but also charges that no warning of any kind was given to indicate the approach of the train. The complaint alleges " that the said train was backed towards and over said crossing, and that the defendant negligently and carelessly omitted, while so approaching said crossing, to give any signal by bell or whistle, *or otherwise.*"

If such an effect can be given to the language of the complaint that it can be said properly that the evidence tended to sustain its substantial averments, upon the theory thus suggested, yet it appears from the record that the cause was disposed of in the court below upon the theory that the action was based upon the negligent omission of the statutory signals alone. In its instructions to the jury, to which the appellant excepted, and upon the giving of which the motion for a new trial was based in part, the court, in effect, instructed that the only negligence charged against the appellant in the complaint was its failure to give the statutory signals, and that if the evidence showed that they were not given, as required by law, the appellee's charge of negligence against the appellant was made out. Therefore it can not be concluded that the jury reached the verdict given by reason of having found that the appellant was chargeable with some other negligence.

We are of the opinion that there should be a new trial.

The judgment is reversed.

Filed Sept. 13, 1892.