BALTIMORE AND OHIO SOUTHWESTERN RAILWAY COM-
PANY *v.* MUSGRAVE.

[No. 2,837.  Filed Nov. 29, 1899.  Rehearing denied March 9, 1900.]

NEGLIGENCE.—*Railroads.—Injury at Crossing.—Complaint.—Suffi-
ciency.*—A complaint in an action against a railroad company for
personal injuries sustained at a crossing which alleges that defend-
ant was running its train through the city at a rate of speed in vio-
lation of a city ordinance, and without giving any signal whatever
of its approach to the crossing, and that by reason of such negli-
gence plaintiff received his injury, without fault on his part con-
tributing thereto, is sufficient as against a demurrer.  *pp. 295-297.*

CONTRIBUTORY NEGLIGENCE.—*Personal Injuries.—Special Verdict.—
Railroads.*—Answers to interrogatories in an action for personal
injuries sustained at a railway crossing to the effect that plaintiff
heard the train approaching when he was ten feet from the crossing
and could have turned the horses and driven away, but that he
jumped from the carriage and took the horses by the reins and was
thrown against the train and injured, show contributory negligence.
*pp. 297-301.*

NEGLIGENCE.—*Proximate Cause.—Injury at Railroad Crossing.*—The
failure of a train to give the statutory signals on approaching a
crossing was not the proximate cause of a personal injury at a
crossing where the facts found showed that plaintiff had notice of
the approach of the train in time to have avoided the injury.  *p. 301.*

From the Gibson Circuit Court.  *Reversed.*

*W. H. DeWolf, W. R. Gardiner, C. G. Gardiner, L. C.
Embree* and *E. W. Strong,* for appellant.

*W. A. Cullop, C. B. Kessinger, C. A. Buskirk* and *J. W.
Brady,* for appellee.

HENLEY, J.—Action for damages resulting from the al-
leged negligence of appellant.  The complaint is in one
paragraph, and avers, in substance, the following facts:
That on the night of July 9, 1897, the appellee was riding
in a carriage, drawn by two gentle horses, and driven by a
careful driver, and while so driving along Third street, in
the city of Vincennes, where appellant's track crosses said

Third street, and when approaching said crossing, and without any notice or warning of the approach of a train on appellant's track, and while carefully watching for the approach of a train on said track, and when in close proximity to said track, one of the appellant's rapidly moving passenger trains approached said crossing, and without any warning or signal of its approach, and while appellee was holding the team of horses attached to the carriage, the said team of horses took fright at the rapidly moving train, and became unmanageable, and threw appellee, with great force, against the train, thereby injuring him. It is further alleged that on the side of the track from which appellee was approaching there was a side-track belonging to appellant upon which there were box cars obstructing the view of approaching trains for a long distance on both sides of the street, and which also prevented the sound of approaching trains being heard by travelers, and that large and high buildings on both sides of the street prevented the sound of approaching trains, and obstructed the view; that, on account of the box cars being on the side-track, the horses drawing the carriage in which appellee was riding could not be turned after they had arrived at a point where the approaching train could be seen or heard, and the horses would be so near the approaching train that it would be impossible to drive across the track in front of the train without colliding with it. It is alleged that appellant was running its train at a rate of speed exceeding six miles an hour, in violation of the ordinance of the city of Vincennes, and that the train approached the crossing without sounding the whistle or ringing the bell, and without giving any signal whatever of its approach, and that there was no watchman stationed at said crossing as by the ordinance of said city appellant is required to have; that, if appellant had not been negligent in the several matters charged, appellee and the driver could have heard the approach of the train in time to have stopped the horses before they were

near the crossing, and could have prevented the said horses from becoming frightened, and thereby have prevented appellee from being thrown against the train; that appellee sustained his injuries wholly through the negligence of appellant, and without any fault or negligence on his part.

The complaint was tested by demurrer in the lower court, that court holding the complaint sufficient. An answer of general denial was filed, the cause submitted to a jury for trial, and verdict for appellee. With the general verdict the jury returned answers to interrogatories. Appellant moved for judgment on the special findings of facts notwithstanding the general verdict. Over appellant's motion for a new trial, the court rendered judgment against appellant for $1,500 and costs.

The first alleged error discussed by counsel in their brief arises from the action of the lower court in overruling the demurrer to the complaint. The complaint, we think, sets out sufficiently certain acts of negligence on the part of appellant to create a liability. It also alleges that by reason of such acts, appellee received his injury. In addition to the specified acts of negligence alleged, there is the general allegation of appellee's freedom from contributing to the injury received thereby. There was no error in overruling the demurrer to the complaint.

It is next contended that the lower court erred in overruling appellant's motion for judgment upon the special finding of facts notwithstanding the general verdict. It was specially found by the jury that appellee was injured by a collision with a passenger train composed of a locomotive and nine coaches, known as train number six, on appellant's road, on the morning of July 9, 1897; that appellee was riding in a carriage drawn by two gentle horses; that the train with which appellee collided was running east, and at the Third street crossing, the point where the collision occurred, there was a side-track located eight feet from the main track; that said train was running at a speed of more

than seven miles per hour; that the engineer in charge of the locomotive drawing said train did not sound the whistle between the bridge over the Wabash river and the Third street crossing, but at the west side of the bridge the engineer sounded the whistle for the approach to the city of Vincennes, making a long blast thereof, and that the whistle so sounded on the west side of the bridge for the approach to said city could be heard at the Third street crossing; that the team drawing the carriage in which appellee was riding was walking slowly, appellee was riding on the rear seat, and the driver on the front seat of the carriage; appellee heard the train approaching when the horses were about ten feet south of the south side-track, and immediately jumped out of the carriage and took the horses by the bits and reins; that the train at the time was not in sight; and it is stated by the jury, in answer to the question whether appellee took hold of the horses' bits and reins before they became frightened, that they were unable to determine this fact from the evidence. It is further found that the horses were frightened at the headlight of the engine when the engine got to within about twenty feet of the crossing, and appellee was thrown toward the train by the action of the horses hitched to the carriage after they became so frightened; that the horses turned, and passed to the east, over level ground, the driver remaining in the carriage; that the fireman did not ring the engine bell on the way from the Second street crossing, and appellee could not have heard the train coming when it was one-fourth of a mile from the Third street crossing; that at the time appellee was injured it was a clear, starlight night, and when the horses were about ten feet south of the south side-track there was no obstacle to prevent them from being turned around; that said train was on schedule time, and the driver knew the time said train was due to arrive at Vincennes, and said accident occurred within four or five squares of the station in said city; that if appellee had

listened attentively he could have heard the train approaching when it was 500 feet from the Third street crossing, and he could have heard the train when it was at least thirty feet from said crossing; that appellee was traveling north on Third street, in said city, until he arrived at a point about ten feet south of the side-track of the appellant's road; that the Wabash river bridge is between one-fourth and one-half mile from the Third street crossing, and the whistle of a locomotive at the time and place where the accident occurred could have been heard two or three miles distant; that the open way between the cars on the side-track was at least thirty feet wide, and the street immediately south of the south side-track was level; that, if the horses had passed on to the south side-track, they could not, under the circumstances, have been safely turned around and driven away; that the train was brought to a stop after the collision within 200 feet of the crossing.

By the general verdict, the jury necessarily found that the train was running at a speed of thirty miles per hour; that the appellee and his driver were unaware of the approach of the train; that appellee had no notice, warning, or knowledge of the approach of the train; that appellee was about to cross the track, and was too near, under the circumstances, to avoid the injury; that appellant's train came along without any warning or signal, as required by law; that there was no watchman at said crossing, and that the box cars on appellant's side-track prevented appellee from seeing or hearing approaching trains. These were the averments of appellee's complaint. By the general verdict the jury also found appellee free from negligence contributing to his injury.

We are called upon to determine, as a matter of law, from the undisputed facts found by the jury by way of answers to interrogatories, whether or not appellee was guilty of contributory negligence. If, from the facts specially found, appellee contributed to his injury, then

those facts are in irreconcilable conflict with the general verdict, and appellee has failed to make a case; and again, if, from the facts found, the negligence charged against appellant did not proximately cause appellee's injury, the action must fail. It seems clear to us that in this case the facts specially found leave no room for argument upon the part of appellee. Both appellee and the driver knew that a train was due to pass the crossing at the time they were approaching it. The night was clear and still, the horses were walking, the engineer sounded the whistle upon the approach to the bridge across the Wabash river, and this could have been plainly heard by appellee if he had listened. It is also found that appellee heard the train approaching when the horses were ten feet south of the side-track, and jumped out and took hold of their reins and bits. This was at a point at which the jury says the horses could have been turned around, because the street was level, and was of sufficient width. Appellee was not the driver, and did not have the care and management of the team. Appellee heard the train when it was still out of sight, and alighted from the carriage, and went to the heads of the horses. These facts show notice of the approach of the train when it was one-half mile or more from the crossing, and when it was 500 feet from the crossing,—in the first instance the whistle at the approach to the bridge, and in the second instance the sound of the moving train.

The late case of *Pittsburgh, etc., R. Co.* v. *Fraze*, 150 Ind. 576, simply reiterates the well established rule in this State that the law will assume that a traveler approaching a railway crossing actually saw what he could have seen by looking attentively, and heard what he could have heard if he had listened attentively. See *Lake Erie, etc., R. Co.* v. *Stick*, 143 Ind. 449; *Mann* v. *Belt R., etc., Co.*, 128 Ind. 138; *Louisville, etc., R. Co.* v. *Stephens*, 13 Ind. App. 145; *Korrady* v. *Lake Shore, etc., R. Co.*, 131 Ind. 261.

Baltimore, etc., R. Co. v. Musgrave.

The case of *Terre Haute, etc., R. Co.* v. *Brunker*, 128 Ind. 542, is not in point. Appellee was not induced to approach to an unsafe proximity by any negligence of appellant. Appellee had notice of the approach of the train long before it reached the crossing, and, even after the noise of the running train could have been heard, he had ample time and an unobstructed place in which to turn away from the approaching train. Thus it will be seen that the negligent acts of appellant as charged in the complaint were not the proximate cause of appellee's injury, because the findings of fact show that appellee had notice of the approaching train, and the ringing of bells and sounding of whistles is for the purpose alone of giving notice to approaching travelers. The horses became frightened at the headlight of the approaching train. The complaint does not allege, and it was not proved, that this was an unnecessary part of the engine, or that it was improperly and negligently operated. The fact that it is made to appear that appellant was negligent in failing to give the statutory signals, and in failing to obey the ordinance, is not material in this case, as it plainly appears by the findings of fact that such negligence did not cause appellee's injury. The findings of fact are in irreconcilable conflict with the general verdict. The lower court erred in refusing to render judgment in appellant's favor upon appellant's motion therefor.

The judgment is reversed, and the cause remanded, with instruction to the lower court to sustain appellant's motion for judgment upon the special findings of fact, and to render judgment accordingly. Robinson, J., took no part in this decision.