## THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* ERVINGTON, ADMINISTRATRIX.

[No. 8,485. Filed March 10, 1915. Rehearing denied June 24, 1915.]

1. RAILROADS.— *Crossing Accidents.— Negligence.— Complaint.*— A complaint for death resulting from a railroad crossing accident, charging that defendant's servants negligently failed to ring the bell or blow the whistle as required by law on approaching such crossing, that such servants, knowing that the view of a traveler on the highway was completely obstructed by standing cars, negligently failed to give any warning of the approach of the train, and that, knowing the character of the crossing and its use by many people, they negligently failed to give any signal whatever of the approach of the train, and negligently ran the same at a high and dangerous rate of speed, etc., whereby plaintiff was killed, while evidencing an intent to charge three distinct acts of negligence, can not be said to proceed upon the theory that the death was caused by a combination of the acts of negligence alleged, and would be sufficient with no other averments of negligence save those relating to failure to give the statutory signals. pp. 374, 377.

2. NEGLIGENCE.—*Pleading.—Complaint.—Averment of Several Acts of Negligence.*—Several distinct acts of negligence may be charged in a single paragraph of complaint and a recovery on such complaint will be upheld if one of the acts of negligence charged has been sufficiently proved, unless the acts of negligence are so related as to show that the injury resulted from a combination of two or more of such acts. p. 376.

3. RAILROADS.— *Crossing Accidents.— Failure to Give Signals.— Complaint.—Ability to Hear Signals.—*In an action to recover

# 372    APPELLATE COURT OF INDIANA,

for death resulting from a railroad crossing accident, where the negligence charged is a failure to give the statutory signals of the approach of the train to the crossing, plaintiff need not allege that decedent was in a position to have heard the signals if they had been given.  p. 377.

4.  RAILROADS.— *Crossing Accidents.— Contributory Negligence.— Complaint.*—A complaint to recover for death in a railroad crossing accident, charging negligence in failing to signal the approach of the train as required by statute, in failing to give any warning of its approach, and in operating the train at an excessive speed, and from which it appears that as decedent approached the crossing his view was obstructed until the horse reached the main track, that within 100 feet of the crossing decedent stopped, looked and listened, and continued to look and listen until he was upon the main track, but that he could neither hear nor see the train until he was upon the main track, etc., is not objectionable as showing that decedent was guilty of contributory negligence.  p. 377.

5.  RAILROADS.— *Crossing Accidents.— Failure to Signal Approach of Train.—Private Crossing.—Dedication to Public Use.—Evidence.*—Where it was conceded in an action for the death of plaintiff's decedent in a crossing accident that the statutory signals were not given as the train approached the crossing, the evidence was not insufficient to sustain a verdict for plaintiff on the theory that the crossing was a private crossing to which the statutory provision for signalling does not apply, where there was evidence to show that the accident occurred near the corporate limits of a city, that though the crossing was originally constructed as a private crossing for the person then owning all the surrounding land, it was later planked and graded and approaches and a wing fence were made, and a gate removed, that the then owner of the land sold same to various grantees, reserving in each of the deeds thirty feet on each side of the center line of the traveled way leading to and over such crossing so that a street would be provided for, and that such street was improved in the usual manner and used indiscriminately by the public.  pp. 378, 380.

6.  HIGHWAYS.—*Establishment.—Dedication.*—Lands may be irrevocably dedicated to the public for highway purposes by the open conduct of the owner, if his visible acts are such as to indicate an intention to dedicate the lands for such purposes and the public has in good faith acted thereon and accepted the dedication.  p. 379.

7.  RAILROADS.—*Right of Way.—Dedication for Highway.—Crossing.*—In determining whether a part of a railroad right of way has been dedicated to the public for a highway the same principles are applied as in determining such question in the case

of a private landowner, and where a railroad company by its conduct has indicated an intention to dedicate land to the public for a crossing, and others have in good faith acted upon the open evidence of such intention, any other secret intention will not prevail against the actual result of its own open conduct upon which the public has relied and acted accordingly. p. 379.

8. RAILROADS.—*Crossing Accidents.—Duty of Traveler.—Contributory Negligence.—Burden of Proof.*—A traveler approaching a railroad crossing over the highway is chargeable only with the exercise of ordinary care under all the circumstances, and the burden of proving his contributory negligence is upon the defendant. p. 380.

9. RAILROADS.—*Crossing Accidents.—Evidence.—Contributory Negligence.—Jury Question.*—In an action for death in a railroad crossing accident, where it was conceded that the statutory signals of the approach of the train were not given, and the evidence showed the condition of the crossing to be such that an approaching train could not be seen by decedent until he was upon the track, because of standing cars and a curve in the track, and that decedent stopped, looked and listened when 100 feet from the crossing, and, neither hearing nor seeing an approaching train, continued toward the crossing constantly looking and listening, etc., the court can not say as a matter of law that decedent necessarily saw or heard the approaching train in time to avoid the collision, but the question was for the jury and it was warranted in finding that decedent's death happened in the manner indicated and was the result of the negligent failure to give the statutory signals. pp. 380, 381.

10. RAILROADS.—*Crossing Accidents.—Evidence.—Manner of Traveler's Death.*—In an action to recover for death of a traveler at a railroad crossing, plaintiff need not show by eye witnesses just how the decedent met his death, but it is sufficient if the evidence taken as an entirety supports the theory of the complaint, and the hypothesis which it is adduced to prove, and it is for the jury to determine the reasonable probability of the truth of all the evidence presented. p. 381.

11. RAILROADS.—*Crossing Accidents.—Contributory Negligence.—Knowledge of Conditions.—Evidence.*—In an action for the death of a traveler at a railroad crossing, the fact that shortly before the accident decedent had passed over the crossing and knew something of the conditions surrounding it, would not of itself charge him conclusively with contributory negligence in attempting to cross later, but the question would necessarily depend on all the facts and circumstances surrounding the crossing and the amount of care exercised by him, and in view of a failure of the evidence to show that the crossing was so dangerous that

a man of ordinary prudence might have reasonably supposed that in the exercise of ordinary care on his part, and the giving of proper signals on defendant's part, he could cross in safety, the jury's finding that he was not guilty of contributory negligence can not be disturbed on the ground that the evidence is insufficient. p. 381.

12. RAILROADS. — Crossing Accidents. — Character of Crossing. — Evidence.—In an action for death in a railroad crossing accident, grounded on a negligent failure to give the statutory signals of the train's approach, communications in the nature of self-serving declarations or secret instructions between defendant and its section foreman relative to the character of the crossing, to show that it was a private crossing, were properly excluded, since such communications could not affect the legitimate conclusions properly to be deduced from the open conduct of defendant. p. 382.

From Cass Circuit Court; John S. Lairy, Judge.

Action by Daisy Ervington, Administratrix of the Estate of Walter Ervington, deceased, against The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. Affirmed.

George E. Ross and John L. Rupe, for appellant.

Blacklidge, Wolf & Barnes and McConnell, Jenkines, Jenkines & Stuart, for appellee.

IBACH, J.—Appellee brought this action for the negligent killing of her decedent at a public highway crossing near Kokomo, Indiana. The cause was tried on the first paragraph of the complaint. The trial was by jury and a verdict for appellee for $5,000 was returned. Over motion for new trial, judgment was rendered on the general verdict. The errors assigned bring in question the overruling of the demurrer to the complaint, and overruling the motion for new trial.

The complaint first avers facts to show the dangerous character of the crossing, and that it was a public crossing, with the allegations respecting the negligence of appellant:

1. "That the defendant's servants and employes negligently and carelessly failed and neglected to ring the

bell or blow the whistle on the locomotive of said train as required by law upon approaching said Plate Street, at the places required by law for signals to be given, to wit: not less than eighty nor more than one hundred rods east and southeast of said crossing. That the defendant's said servants and employes upon said train, at the time, well knew that the view of any traveler coming from the south, approaching said crossing, was obstructed by the cars setting on said side track and that it would be impossible for any traveler to see the approach of a train until he had passed the said line of cars and was upon the main track, so that he could not see any train approaching from the east until he had reached that point. That notwithstanding the said knowledge upon the part of the said servants and employes, they negligently and carelessly failed and neglected to give any warning of the approach of said train as it approached said Plate Street, and did not blow the whistle or ring the bell or give any other signal of the approach of said train at any point to the east, although they well knew that the said view was obstructed, as aforesaid. That the said servants and employes knew at that time, that the said crossing was a public crossing and was used by the public in passing back and forth, and that it was a place where were many dwelling houses, and a large number of the public were passing and repassing. Notwithstanding these facts and this knowledge on the part of the said employes, they negligently and carelessly failed to give any signal whatever of the approach of said train, and carelessly and negligently ran said locomotive and cars at a high and dangerous rate of speed, to wit: fifty miles per hour, toward, upon and over said Plate Street. That the plaintiff's decedent could not hear the approach of the train as he approached in his buggy, and no signal was given warning him of the approach of said train. That he cautiously and carefully drove his horse upon the said crossing, and the said train, from the east, came into collision with his said buggy and threw him a long distance to the north-

west, along the side of the track, and killed the said plaintiff's decedent. That the death of the said plaintiff's decedent was caused by the said negligence and carelessness. of the defendant, its servants and employes, as above alleged. That the defendant's negligence and carelessness in failing to sound a whistle, or give any other signal, not less than eighty nor more than one hundred rods east of the said crossing, or to give any other signal, after that time, upon the approach of said train to said crossing, in time to warn the plaintiff's decedent, and also the negligence and carelessness of the defendant in allowing its cars to stand on the side track as above alleged, that they so obscured the view and made it impossible for plaintiff's decedent to see the train approaching, and the negligence and carelessness of the defendant's servants in running the said train at said high and dangerous speed upon and against the plaintiff's decedent, was the direct and proximate cause of the death of said plaintiff's decedent. That the defendant's employes and servants did, negligently and carelessly, run and operate the said train to and against the plaintiff's decedent, as above alleged, and thereby caused his death, solely and wholly by reason of the aforesaid negligent and careless acts of the defendant's employes and servants.'' It is evident that the pleader has intended to charge three distinct acts of negligence, but we do not believe it is fair to say that although the complaint avers three separate acts of negligence, that it proceeds upon the theory that decedent's death was caused by a combination of all such negligent acts alleged. It is not improper to charge several distinct acts or grounds of negligence in the same paragraph of complaint, and a recovery on such complaint will be upheld if one or more grounds of negligence have been sufficiently proven, unless the grounds of negligence charged are so related one to the other as to show that the injury complained of was the result of two or more of the negligent acts charged, combined. *Lake Erie, etc., R. Co.* v. *Beals* (1912), 50 Ind. App. 450, 98 N. E. 453, and cases cited. This

court in discussing a similar question said: "But in the case at bar the averments of negligence concerning the pool of slag might be omitted from the complaint and there would still remain a cause of action." *Gould Steel Co. v. Richards* (1903), 30 Ind. App. 348, 353, 66 N. E. 68. So in the case at bar all the averments of negligent acts might be omitted from the complaint save those relating to a failure to give the statutory signals, and that decedent's death resulted from such failure, and the complaint would be sufficient. *Baltimore, etc., R. Co. v. Musgrave* (1900), 24 Ind. App. 295, 297, 55 N. E. 496, and cases cited; *Fort Wayne, etc., Traction Co. v. Crosbie* (1907), 169 Ind. 281, 287, 81 N. E. 474, 13 L. R. A. (N. S.) 1214, 14 Ann. Cas. 117, and cases cited.

Appellant contends also that the complaint is bad without an averment that the decedent was in a position to have heard the signals if they had been given. Such averments are not necessary. *Pittsburgh, etc., R. Co. v. Terrell* (1912), 177 Ind. 447, 95 N. E. 1109, 42 L. R. A. (N. S.) 367. Neither are we satisfied that the complaint affirmatively shows decedent guilty of contributory negligence. The complaint avers that as decedent approached the crossing from the south the view of an approaching train from the east was obstructed until the horse which he was driving reached the main track, that within 100 feet of the crossing he stopped, looked and listened for an approaching train, and he continued so to look and listen until he came upon the main track, but could not see or hear a train approaching, that at all times he continuously looked and listened until he passed the obstruction and was in fact on the main track, and that the approaching train could not be seen until he reached that point. These averments with others contained in the pleading show decedent free from contributory negligence. There was no error in overruling the demurrer to the complaint. *New York, etc., R. Co. v. Robbins* (1906), 38 Ind. App. 172, 76 N. E. 804;

*Ohio, etc., R. Co.* v. *McDonald* (1892), 5 Ind. App. 108, 31 N. E. 836; *Evansville, etc., R. Co.* v. *Berndt* (1909), 172 Ind. 697, 88 N. E. 612; *Rosenthal* v. *Chicago, etc., R. Co.* (1912), 255 Ill. 552, 99 N. E. 672.

Under the motion for a new trial it is argued that the verdict of the jury is not sustained by sufficient evidence. Under this assignment, in view of what we have said

5. with reference to the sufficiency of the complaint, together with the position taken by both parties in their briefs and in the oral argument, the principal ground of negligence we need to consider further is that which charges negligence in failing to give the statutory signals required to be given before crossing over a public crossing. The accident occurred at a crossing outside of, but near the corporate limits of Kokomo. It is conceded that the statutory signals were not given, but it is urged that the crossing in question was a private crossing and not a public crossing, therefore no signals were required. The evidence shows that many years prior to the unfortunate accident, all the land in that immediate vicinity was owned by William Tate, and for his convenience an arrangement was made with appellant for a private crossing and its maintenance. There is some evidence tending to show that this crossing for some years was planked only a part of the time, but later the crossing was completely planked, was graded, and was filled in with gravel and cinders across both the main track and switch track, approaches were constructed on both sides of the crossing, wing fences were also constructed, and a wire gate located on the south side of the right of way was removed, the wing fences were painted white. It was also shown that in 1900 William Tate sold certain tracts of his land along the traveled roadway, and provided in all the deeds for a reservation thirty feet in width on each side of the center line of said traveled way, so that a street sixty feet in width would be provided for, and for some distance both to the north and south of the railroad this way was improved as the streets in

suburbs to cities such as Kokomo are usually improved. The evidence also shows that this way was used indiscriminately by the public desiring to use it, so that it seems to us there is ample evidence from which the jury might properly find that there was a public street both to the north and south of the railroad crossing, in width sixty feet, in all essential respects the same as if it was in fact a legally established highway. As to the width of the railroad right of way at the point where it was crossed by such street, the evidence shows that such crossing was planked and wing fences were constructed by appellant, all of which facts were proper for the consideration of the jury in determining whether appellant had dedicated a public crossing at that point.

Dedication of lands for highway purposes has been accomplished in many ways, one of which is by the open conduct of the landowner, and if the visible acts of the 6. landowner are such as to indicate an intention to dedicate lands for highway purposes, and the public has in good faith acted upon such apparent dedication, and has accepted it, the law will treat such acts of the owner as constituting an irrevocable dedication. *Gillespie* v. *Duling* (1908), 41 Ind. App. 217, 222, 83 N. E. 728; *Stewart* v. *Swartz* (1914), 57 Ind. App. 249, 106 N. E. 719; *Cleveland, etc., R. Co.* v. *Christie* (1912), 178 Ind. 691, 100 N. E. 299.

In determining whether a part of a railroad right of 7. way has been dedicated as a public highway the same principles are applied. *Cleveland, etc., R. Co.* v. *Christie, supra; Pittsburgh, etc., R. Co.* v. *Town of Crown Point* (1898), 150 Ind. 536, 57 N. E. 41; *Evansville, etc., R. Co.* v. *State, ex rel.* (1898), 149 Ind. 276, 49 N. E. 2. It has also been held repeatedly that when a railroad company by its conduct has indicated to the public an intention to dedicate land to the public for a crossing and others have in good faith acted upon the open evidence of such intention, any other secret intention will not prevail against the actual result of its own open conduct upon which the public has

relied and acted accordingly. *Lake Erie, etc., R. Co.* v. *Town of Boswell* (1894), 137 Ind. 336, 343, 36 N. E. 1103; *Michigan Cent. R. Co.* v. *Hammond, etc., R. Co.* (1908), 42 Ind. App. 66, 76, 83 N. E. 650, and cases cited; *St. Paul, etc., R. Co.* v. *City of Minneapolis* (1890), 44 Minn. 149, 46 N. W. 324; *Missouri Pac. R. Co.* v. *Lee* (1888), 70 Tex. 496, 7 S. W. 857, 858.

Summarizing, it may be said that there was dedicated to the public a sixty-foot street to the north of the railroad, and to the south a distance of at least 150 feet from the railroad, and it seems to us that the acts of appellant may be taken as showing an intention to form a continuation over its right of way and tracks of the street dedicated by the property owners so as to connect with that portion of a street dedicated by the property owners south of the right of way. The jury at least had the right to draw that conclusion from all of the evidence as to what was done by all the parties with reference to the dedication of the street, and from the appearances produced by the appellant, that it was intended by all parties to make the crossing in question a public crossing and therefore at the time of decedent's death it was incumbent on appellant to give the statutory signals when its trains were approaching the same. §5431 Burns 1914, §4020 R. S. 1881.

The burden of proving contributory negligence was on appellant, and the decedent was chargeable only with the exercise of ordinary care under all circumstances, and it was for the jury to say whether or not he so acted under all the circumstances shown by the evidence. Without mentioning many other conditions existing at the time of the accident, but taking into consideration the manner in which decedent approached the crossing the curve in the tracks near the crossing, around which the train was approaching at a rate of speed from twenty-five to thirty miles an hour, the other obstructions between him and the train, the appearance of

the crossing which the jury might conclude was such as to indicate to decedent that the signal of an approaching train would be sounded before reaching the crossing, we can not say as a matter of law that decedent necessarily saw or heard the train approaching in time to avoid the collision. On the other hand, we are convinced that the evidence fully justified the jury in finding that the accident happened in the manner so indicated; and that the failure to give the statutory signals was the primary cause of the injuries inflicted upon decedent. It was not necessary for plaintiff to show by any witness who actually saw the collision, just how decedent met his death. In such a case it is sufficient if the evidence taken as an entirety supports the theory of the complaint, and the hypothesis which it is adduced to prove, and it is for the jury to determine the reasonable probability of the truth of all the evidence presented. There is no direct evidence as to the exact manner in which decedent met his death, but there are many circumstances developed by the evidence from which it may be fairly inferred that decedent approached the crossing carefully, looked and listened for approaching trains, advanced carefully until he emerged from the obstructions which prevented his seeing the train until he was on the track on which the train was approaching, and until it was too late for him to entirely clear the crossing before the train passed over, also that there were other conditions and circumstances which prevented him from hearing any noise the train produced. There is nothing in the proven facts which even tended to indicate that decedent failed to exercise due care when approaching the crossing, of the character of which he had some knowledge, or in attempting to drive over. The fact that he had a short time before the accident crossed over the crossing and knew something of the conditions surrounding it, would not in itself charge him conclusively with contributory negligence in attempting to

cross later.   This would necessarily depend on all the facts and circumstances surrounding the crossing and the amount of care exercised by him at that time.   It does not appear that the crossing was in so dangerous a condition but that a man of ordinary prudence, might have reasonably supposed that in the exercise of ordinary care on his part, and the giving of the proper signal on appellant's part, he could cross over in safety. *Baltimore, etc., R. Co.* v. *Rosborough* (1907), 40 Ind. App. 14, 80 N. E. 869; *Pittsburgh, etc., R. Co.* v. *Cottman* (1913), 52 Ind. App. 661, 101 N. E. 22; *Pittsburgh, etc., R. Co.* v. *Macy* (1915), 59 Ind. App. 125, 107 N. E. 486.

It is conceded that no crossing signals were given, and while the absence of the signals would not excuse the decedent from the exercise of ordinary care in his attempt to cross over the tracks, the jury had the right to take that fact into consideration to decide whether he was in the exercise of due care at the time, so that as the evidence in the case fails to show that decedent could have discovered the train had he looked and listened, a sufficient length of time before the collision, to have avoided it, the question of his contributory negligence was properly left to the jury. This particular question has been many times discussed by our courts, and each has consistently held that when the sufficiency of the evidence on the subject of contributory negligence is raised and there is a conflict in the evidence on that point, that question must be submitted to the jury and its finding will not be disturbed.   See cases cited, *supra.*

There was no error in excluding from the evidence communications between appellant and the section foreman relative to the character of the crossing.   These were at best only self-serving declarations, or secret instructions, and understandings between them which would have no effect on the legitimate conclusions properly to be deduced from the open conduct of appellant.

We have not overlooked the assignments of error relating

Cleveland, etc., R. Co. *v.* Means—59 Ind. App. 383.

to the instructions given and refused, but we think they are not material. The jury was very fully and guardedly instructed as to the rules of law applicable to the case, and generally as to the purposes for which the evidence was admitted. We conclude therefore, that the case was fairly presented to the jury, and sufficient evidence appears to sustain the verdict. Judgment affirmed.

NOTE.—Reported in 108 N. E. 133. As to duty of traveler on highway to use senses of sight, hearing, etc., to avoid danger at railroad crossings, see 90 Am. Dec. 780. As to the sufficiency of general allegations of negligence, see 59 L. R. A. 210. On the question of statutory signals as measure of duty at railroad crossing, see 15 L. R. A. 426. For the failure to give signals as excusing nonperformance of duty to look and listen, see 3 L. R. A. (N. S.) 391. As to the presumption of dedication from user as highway, see Ann. Cas. 1914 D 335. As to the failure of a railroad company to give statutory signals on approaching crossing as excuse for traveler's contributory negligence, see 6 Ann. Cas. 78. As to burden of proof as to contributory negligence, see 10 Ann. Cas. 4. See, also, under (1) 33 Cyc. 1053; (2) 29 Cyc. 565; (3) 33 Cyc. 1058; (4) 33 Cyc. 1060; (5) 33 Cyc. 1090; (6) 13 Cyc. 453; (7) 13 Cyc. 449, 452; (8) 33 Cyc. 981, 1070; (9) 33 Cyc. 1111, 1107; (10) 33 Cyc. 1087; (11) 33 Cyc. 1093; (12) 33 Cyc. 1079.