PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILROAD COMPANY v. CIOFFI.

[No. 11,846.    Filed April 24, 1924.]

1. NEGLIGENCE.—*Evidence.*—*Proof of One Charge of Negligence Sufficient.*—Where a complaint for negligence included several distinct charges of negligence, the plaintiff can recover upon proof of one of said charges, without proving all, if such act of negligence was the proximate cause of the injury. p. 428.

2. RAILROADS.—*Crossing Accident.*—*Brakeman Giving Signal to Cross.*—A railroad company was held liable for the act of a brakeman on one of its trains, which was waiting at a crossing for a freight train to pass, who signaled the driver of a buggy approaching said crossing in such manner as to indicate

that the crossing was clear, and the driver, relying thereon, drove across the tracks and was struck by the freight train approaching the crossing without ringing the bell or giving other warning, although the brakeman testified that he had no instruction as to signaling drivers under such circumstances, except that when they were switching cars, if they could do anything to avoid an accident, they were to do so. p. 428.

3. RAILROADS.—*Crossing Accident.—Contributory Negligence.— Matters Considered in Determining.*—In an action against a railroad company for injuries received in driving over a railroad crossing, where the driver's view was obstructed by freight cars or other obstructions, in determining whether the plaintiff was guilty of contributory negligence in driving onto the crossing without looking for approaching trains or cars, the jury can consider the conduct of the employees of the company in signaling for the driver to cross or otherwise indicating that the way is clear. p. 430.

4. TRIAL.—*Instructions.—Order of Giving.—Discretionary With Court.*—The order in which instructions are given to the jury is wholly within the discretion of the court, and the fact that it gave plaintiff's requested instructions first, then those requested by the defendant, and finally those given on the court's own motion, is not an abuse of discretion. p. 430.

From Tipton Circuit Court; *James M. Purvis,* Judge.

Action by Victoria Cioffi against the Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Cleon Wade Mount* and *John L. Rupe,* for appellant. *Carl J. Broo* and *Overson & Manning,* for appellee.

NICHOLS, J.—Action by appellee against appellant for damages resulting from injuries suffered by appellee because of a collision between one of appellant's trains with appellee's buggy in which she was at the time riding.

It is averred in the complaint that appellant, in the operation of its road, on January 16, 1922, and theretofore had a system of tracks consisting of a main track and several switches south and east of the business por-

tion of the city of Kokomo.    That, in said part of said
city, there was a street running north and south across
appellant's tracks known as Plate Street which street
was, at the time, traveled extensively by automobiles,
pedestrians and vehicles of every kind.    Among said
tracks across said highway in a southeasterly direc-
tion, five in number, there was a switching track com-
ing from the north and terminating in Plate Street.    On
said day, appellee was driving a horse hitched to a closed
buggy, and approached said tracks in a careful and
cautious manner and listened and looked for trains that
might be coming.    Appellant had in its employ a
switchman who was standing in the railroad right of
way immediately west of said Plate Street.    As she
approached said tracks, there was a switch engine on
the extreme east track which was making a great noise
and which was backing arcoss.    On the north, there was
a large factory known as the Pittsburg Plate Glass
Company in which factory there was a large amount
of machinery used in the manufacture of glass, which
was at the time making a great deal of noise.    Directly
west of the point where appellee came upon the tracks
with her horse and buggy, there were a large number
of freight cars which obstructed her view to the north-
west so that she was unable to discover or see any train
that was coming from the north and approaching the
point where she was about to cross.    Appellee saw ap-
pellant's switchman standing in the middle of the tracks
ahead of her as she approached.    Before crossing, she
proceeded carefully and cautiously, stopped her horse
to a standstill, and listened for any approaching train,
engine or car.    While she was so doing, appellant,
through its switchman, who was then acting within the
scope of his employment, and who was then employed
by appellant to switch cars on said tracks, to give no-
tice by signal with his hands to drivers of automobiles,

drivers of buggies and all other vehicles and pedestrians of the approach of any engine or train, and who was at the time facing in the direction of appellee, signaled her to cross, motioning her by waving his hands several times. Appellee thereupon, without knowledge that there was a train coming, started to cross the track, relying upon the invitation so to do of appellant's switchman, her view being obstructed to the north by the cars, engine and tender of the switch train, and as she did so, appellant ran one of its freight trains into and against appellee, pushing her to the south sixty feet, smashing her buggy, and throwing her violently to the ground, thereby injuring her. Such injuries were caused by the carelessness and negligence of appellant, its agents and servants then in charge of its locomotives and trains and its switchman who beckoned appellee to cross the tracks, he, at the time, knowing that there was a freight train approaching said street from the north. Appellant was further negligent in that it ran its freight train without sounding any whistle or bell or giving any warning whatever of the train's approach to Plate Street. Such carelessness and negligence proximately contributed to appellee's injuries, and such injuries were not the result of any carelessness or negligence upon the part of appellee proximately contributing thereto. There was a demand for damages in the sum of $8,000.

There was an answer in denial to the complaint, and a trial by jury which resulted in a verdict in favor of appellee for $4,800, upon which, after motion for a new trial was overruled, judgment was rendered.

The error assigned and presented in this court is the action of the court in overruling appellant's motion for a new trial.

Appellant contends that upon the trial of this case, appellee relied solely upon the alleged act of negligence

of appellant's switchman in beckoning and motioning to appellee to cross the tracks and that as 1, 2. such act was not within the scope of the switchman's employment, and authorized, appellant was not liable therefor, but we do not so understand the record. The complaint also contains a charge of negligence on the part of appellant in approaching the crossing with its train without giving any statutory signals or any warning of its approach.   Appellant recognizes this element of the complaint by its instruction No. 7 which it tendered to the court and which was given.   By appellee's instruction No. 12, which was given, the jury was properly instructed that it was not necessary in order for appellee to recover that she prove all of the charges of negligence, but that a recovery might be had upon either charge, provided that the evidence showed by a fair preponderance thereof that the act of negligence upon which the recovery was based was the proximate cause of the injury suffered, if any.   The court, by its instruction No. 8, further recognized the averment of the complaint as to negligence in failing to sound a whistle or bell or to give any warning of the train's approach.   This instruction also recognizes the averment of negligence in the complaint in that appellant ran one of its freight trains with great force and violence against appellee and her buggy pushing her with great violence to the south along the appellant's right of way.   The brakeman who gave the signal, the character of which is in controversy, testified that "I had no instruction except when we were switching cars over crossing, if we could do anything to avoid an accident, our trainmaster always told us to do that."   Appellant says that this was the only evidence in the record as to the authority of the brakeman to charge the company for any act of his, as a matter of law,

and that he was wholly without authority to bind the company by his act in signaling a traveler on the highway. While it appears from the evidence that such brakeman was not at the moment switching cars over the crossing, but that he was with his crew at the crossing waiting for a freight train to pass, yet, with such instruction from his superiors, and being, as he was, in a position where he could see the train approaching and could also see that the appellee approaching the crossing could not see the train, if, under such circumstances, he signals to come across, it seems to us that he is guilty of negligence with which his company should be charged and for which the company would be liable for any injury of which such negligence was the proximate cause. If it should be determined that under the circumstances of this case appellant was not liable for the acts of the switchman in beckoning appellee to cross the tracks, still appellee might recover because of any one or more of the other acts of negligence averred in the complaint, if it be proven that such negligence was the proximate cause of the injuries sustained. *Ft. Wayne, etc., Traction Co.* v. *Crosbie* (1907), 169 Ind. 281, 81 N. E. 474, 13 L. R. A. (N. S.) 1214, 14 Ann. Cas. 117; *Louisville, etc., Traction Co.* v. *Short* (1908), 41 Ind. App. 570, 83 N. E. 265; *Lake Erie, etc., R. Co.* v. *Beals* (1912), 50 Ind. App. 450, 98 N. E. 453; *Pittsburgh, etc., R. Co.* v. *Ervington* (1915), 59 Ind. App. 371, 108 N. E. 133. That appellee was relying upon the negligence of appellant in failing to sound a bell or whistle or give other warning of the approaching train abundantly appears by the evidence, and that appellant so understood appears by the fact that it asked full instructions upon this issue.

Appellant contends that appellee, by the undisputed evidence, was guilty of contributory negligence in fail-

ing to look before going on to the crossing. In determining this question, the jury could consider the brakeman's conduct and appellee's reliance thereon. The rule in this regard is thus stated in 33 Cyc 1034: "That a person attempting to go over a railroad crossing which is obstructed by standing trains of cars is directed or assured that it is safe to do so ,by a brakeman, conductor, or other employee in charge of the train is also a matter to be considered in determining whether the traveler exercised due care and caution in attempting to cross; and if in reliance upon such direction or invitation, he exercises reasonable care in going over the crossing he is not guilty of contributory negligence." Authorities are cited to sustain this principle which is applicable to the facts.

Appellant complains of the order in which the instructions were presented to the jury, but this is a matter wholly within the discretion of the trial court, and the fact that the court first gave all of the instructions requested by appellee, then those requested by appellant, and finally those given upon its own motion, was not an abuse of discretion and does not justify our further consideration. Appellant complains of certain instructions which were given by the court, but after examining all of the instructions given, eleven of which were tendered by appellee, six by appellant and nine given by the court of its own motion, we conclude that the jury was fully instructed as to the law of the case and that there was no substantial error in any one of the instructions so given.

We find no reversible error. Judgment affirmed.