Filed Sept. 15, 1892.

———◆———

No. 15,860.

## WILLIAMSON ET AL. *v.* WOTEN.

FRAUDULENT REPRESENTATIONS.—*Real Estate—Sufficiency of Complaint—Vendor's Lien.*—In an action to recover damages because of fraudulent representations alleged to have been made by the defendants in a real estate trade the complaint alleged that the defendants were partners residing at Portland, in Jay county, and were engaged in the practice of law and in the real estate business; that the plaintiff owned a farm in said county and placed it in the hands of the defendants for sale; that after failing to sell it for several months defendants purchased it themselves and conveyed to them a tract of land situated in Kansas; that the defendants made certain false and fradulent representations concerning the Kansas land, which were relied upon by the plaintiff, and by reason of which he was induced to accept the land at the price agreed upon; that if the land had been as represented it would have been worth the price, but that the representations were false, and the land was worth a much less price.

*Held,* that the complaint stated a good cause of action.

*Held*, also, that upon the averments of the complaint the plaintiff was
entitled to a vendor's lien for such amount as might be found due on
account of the difference in the value of the land.

From the Jay Circuit Court.

*D. T. Taylor, R. S. Gregory, R. H. Hartford, J. J. M. La
Follette, R. C. Silverburg* and *O. H. Adair*, for appellants.

*J. W. Headington, J. F. La Follette* and *W. Thompson*, for
appellee.

OLDS, J.—This was an action brought by the appellee
against the appellants for damages growing out of fraudulent
representations made by the appellants regarding certain
Kansas lands which the appellee was induced to take at a
certain stipulated price in exchange and as part payment for
a tract of land owned by the appellee and situate in Jay
county, and sold and conveyed by him to the appellants.

There was a trial and finding and judgment in favor of the
appellee, and the same declared to be for the purchase-money
of the Jay county land, and a vendor's lien existing in favor
of the appellee, and a decree rendered for the sale of the land
for the payment of the judgment.

The first question presented relates to the sufficiency of the
complaint, which is in two paragraphs, to each of which the
appellants demurred, and their demurrer was overruled, and
exceptions reserved, and the ruling assigned as error.

The paragraphs are substantially the same, pleading the
same facts, but differing slightly in phraseology. The facts
pleaded show that the appellants were partners, residing at
Portland, in said Jay county, and were engaged in the practice
of the law and in the business of buying and selling real es-
tate for other parties; that appellee owned a farm in said Jay
county, and placed it in the hands of the appellants for sale;
that after failing to sell it for several months, appellants pro-
posed purchasing it themselves, and to cause to be conveyed
to the appellee, as part payment, a tract of land situated in
the State of Kansas, owned by a third party, but which they

could secure by another trade or purchase, and procure the owner to convey the title to the appellee as part payment for his tract of land in Jay county. The trade was consummated, and appellee conveyed his land in Jay county to the appellants, and the appellants caused the conveyance of the Kansas land to the appellee, and it is alleged that the appellants made certain false and fraudulent representations concerning the Kansas land, which were relied upon by the appellee, and by reason of which he was induced to accept the land at the price agreed upon, and that if the land had been as represented, it would have been worth the price, but that the representations were false, and the land was worth a much less sum.

The facts are well pleaded, showing that the appellee was fraudulently induced to accept in payment for the purchase-money of his Jay county land property worth much less than it would have been had it been as represented.

Each paragraph is clearly sufficient to withstand a demurrer, and showing the appellee entitled to a vendor's lien for such amount as may be found due him on account of the difference in the value of the land. See *Nysewander* v. *Lowman*, 124 Ind. 584, and authorities there cited.

What we have said disposes of all the questions presented in the case except those arising on the evidence, and the evidence is not in the record.

There is no error.

Judgment affirmed, with costs.

Filed Sept. 14, 1892.