## FITZMAURICE *v.* PUTERBAUGH.

[No. 1,824. Filed Nov. 24, 1896. Rehearing denied March 31, 1897.]

APPEAL AND ERROR.—*Misjoinder of Causes.*—A cause will not be reversed for any error committed in sustaining or overruling a demurrer for misjoinder of causes of action. *p. 319.*

SALE.—*Implied- Warranty.*—One who sells a chattel with knowledge that it is to be used for a particular purpose, impliedly warrants the same to be reasonably fit for that purpose. *p. 320.*

FRAUD.—*Sale.*—*Damages.*— Where the vendor of a second-hand steam boiler falsely and knowingly represents to the purchasers thereof that the boiler had been used just enough to be thoroughly tested and was as good as new, when in fact it was old and worthless, and unsafe for any purpose, and such representations were relied upon by the purchasers, the vendor must answer for any damages sustained by the purchasers resulting from the inherent defects in the boiler. *pp. 320, 321.*

TRIAL.—*Conflict Between General Verdict and Answers to Interrogatories.*—Where there is an apparent conflict between the general verdict and the answers to interrogatories returned therewith, the general verdict must control unless the answers are such as that both cannot be true under any supposable condition of the evidence within the issues. *pp. 321, 322.*

SAME.— *Interrogatories to Jury.— Contradictory Answers.*— If an-

swers to interrogatories are contradictory then they nullify each other, and those which might alone control the general verdict cannot overthrow it. *p. 322.*

APPEAL AND ERROR.—*Bill of Exceptions.*—The record must show that the longhand manuscript of the evidence was filed in the clerk's office before it was incorporated in the bill of exceptions. *p. 322.*

SAME.—*Instructions, When not in Record.*—Instructions are not properly in the record where there is nothing in the record to show that they were filed, and that they were signed by the judge, and where there is no order making them a part of the record. *pp. 322. 323.*

From the Jay Circuit Court. *Affirmed.*

*Thompson & Canaday,* for appellant.

*S. R. Bell* and *J. B. Ross,* for appellee.

GAVIN, J.—Appellee sued to recover damages resulting from the explosion of a steam boiler sold to him and his brother by appellant, the inherent defects in the boiler having been the cause of the explosion.

The first paragraph of the complaint proceeds upon the theory of a warranty, while the second counts upon fraudulent representations. Appellant filed a motion to separate, and a demurrer for misjoinder of causes of action. Both were overruled. The statute, section 344, Burns' R. S. 1894 (341, Horner's R. S. 1896), expressly forbids a reversal for any error committed in sustaining or overruling a demurrer for misjoinder of causes of action. The courts give effect to the statute. *File* v. *Springel,* 132 Ind. 312; *Crum* v. *Yundt,* 12 Ind. App. 308.

In the first paragraph it appears that appellee and his brother were engaged in operating a saw mill and tile factory which were run by a steam boiler which was too small, and insufficient for the purpose; that they knew nothing of the kind or quality of materials used in constructing such boilers, but consulted with appellant who was a manufacturer of steam boilers,

told him the size and capacity of their old boiler and that they desired a new one, and informed him of the purpose for which they desired it; that he told them he had just what they wanted, a second-hand iron boiler which had been tried and tested, and was better than a new steel boiler, and for which he would charge them $375.00, the full price of a new one; that relying upon his statements, they purchased it, set it up and operated it; that appellee afterwards purchased his brother's interest in said mill; that the boiler was old, patched and worn out, entirely worthless and unfit for the purpose for which it was bought and, without any fault upon the part of appellee or anyone in charge of the same, but solely by reason of the inherent weakness of the material therein, it exploded, causing great damage to the mill, etc.

It is objected that there is here no direct averment of warranty and that the statements made by appellant were mere matters of opinion, dealers' chaff, upon which appellee had no right to rely, and which could not constitute a warranty.

If we assume, without deciding, this to be true, still the facts set forth abundantly establish an implied warranty that the boiler was reasonably fit for the purpose intended, and a breach thereof. *Zimmerman v. Druecker*, 15 Ind. App. 512; *Merchants, etc., Bank v. Fraze*, 9 Ind. App. 161; *McClamrock v. Flint*, 101 Ind. 278.

The second paragraph sets up substantially the same state of facts as the first, but goes still further averring more particularly the purchasers' ignorance of steam boilers and their inability to distinguish between good and bad material therefor; appellant's knowledge and skill therein, that he personally inspected their plant, told them he knew just what they wanted, that he had a steam boiler which was better

than a new one, one constructed of iron plate, which had been used "just enough to be thoroughly tested," and was better and tougher than a new one, the plates of which were not so strong and durable as those constructed of iron; that he had no new boiler of the proper size and capacity and it would require a long time to make it, but that his second-hand boiler was nearly new, none the worse for use and in just as good shape as it ever was; that these representations were falsely, knowingly and fraudulently made, and were relied on by the purchasers, who, believing them to be true, bought the boiler, which was in fact an old one remodeled, was old, patched and worn out, many of the flues in it having been tipped and become worthless; that the sheets of metal in said boiler had been burned and rusted until entirely worthless and unsafe for any purpose.

There is here much more than mere matters of opinion, "dealers' talk," even by the most liberal interpretation of the terms. There are representations of existing facts, falsely and fraudulently made and believed, and relied upon by the purchasers. Under such circumstances the vendor must answer for the damages. *Bloomer* v. *Gray*, 10 Ind. App. 326; *Armstrong* v. *White*, 9 Ind. App. 588.

The jury returned a general verdict in appellee's favor with answers to numerous interrogatories. By some of these, it is expressly found that appellee did not, before the explosion, know that the boiler was unsafe. By others, appellant's counsel claim it is established that he did have notice of such unsafe condition. Because of these latter answers it is urged that appellee was guilty of contributory negligence in using the boiler with such notice. It is well settled that the general verdict must stand unless the an-

swers are such as that both cannot be true under any supposable condition of the evidence within the issues. It is also settled that if the answers to interrogatories contradict one another then they nullify each other and those which might alone control the general verdict cannot overthrow it. *Heltonville Mfg. Co.* v. *Fields*, 138 Ind. 58; *Gates.*v. *Scott*, 123 Ind. 459.

Numerous questions are argued relating to the sufficiency of, and rulings upon the evidence. Appellee, however, contends that under the law established by recent decisions of the Supreme Court the evidence is not properly in the record. This position must be sustained. Under this rule it must appear from the record that the stenographer's manuscript copy of the evidence was filed in the clerk's office before it was incorporated in the bill of exceptions or it cannot be received by us when transposed by the clerk into the transcript under section 1476, Burns' R. S. 1894 (1410, Horner's R. S. 1896); *Chicago, etc., R. R. Co.* v. *Wagner ante*, 22, and cases there cited.

The bill of exceptions in this case was presented to the judge and signed on January 18, 1895. The file marks show that the evidence and bill were filed on that day. The certificate of the clerk is that "on the 18th day of January, A. D. 1895, the official shorthand reporter who took down the evidence in said cause, filed in my office his longhand transcript and manuscript thereof, and the defendant at the same time filed his bill of exceptions, which longhand manuscript was made a part thereof; which is the same manuscript of the evidence incorporated in the bill of exceptions, and made a part of the foregoing transcript." This showing as to the priority of the filing of the evidence is identical with that appearing in *Thrash* v. *Starbuck*, 145 Ind. 673, and it was there adjudged to be insufficient, the court saying: "It is

manifest that the longhand manuscript of the evidence was not filed in the clerk's office before the bill of exceptions was filed, or before it was incorporated in the bill."

This decision leaves us no room to distinguish or hold otherwise than that the evidence is not properly in the record.

It is further asserted by appellee's counsel that no question whatever is available upon the instructions for the additional reason that they are not in the record. In this contention also counsel are right.

Immediately after the order-book entry showing that the jury was charged and retired to the jury room comes the following: "Charge to the jury."

Then there is copied into the transcript a series of charges, including those asked by both parties. There is nothing, however, to show that these instructions were filed nor are they signed by the judge, nor is there any order making them a part of the record.

They are not, therefore, properly in the record by the statutory mode, without a bill. *Grand Rapids, etc., R. R. Co.* v. *Cox*, 8 Ind. App. 29; *Killion* v. *Hulen*, 8 Ind. App. 494; *Stephenson* v. *Elliott*, 11 Ind. App. 694.

There is an effort to bring some of the instructions in by a bill which does not purport to set out all the charges given, but on the contrary affirmatively discloses that it does not so do.

In the absence of the evidence and of all the instructions given it is impossible for this court to know whether there was any available error in giving those which are before us, or in refusing those rejected. The absent instructions may have cured any apparent error in those given, and covered all points to which those refused were applicable. *Grand Rapids, etc., R. R. Co.* v. *Cox, supra*; *Hawley* v. *Zigerly*, 135 Ind. 248.

Judgment affirmed.