# Beck *v.* Goar.

[No 21,868.   Filed December 13, 1912.   Rehearing denied
June 26, 1913.]

1. Fraud.—*Fraudulent Representations.—Complaint.—Sufficiency.*
—In an action by the purchaser for damages for fraud perpetrated
in the sale of a meat market, the allegations of the complaint
that the seller falsely represented that certain ice boxes were
new and of the best quality and worth $500 each, that there were

50 cans containing 50 pounds of lard each, that the slaughter-house was new and in good condition and suitable for the business and had cost $500 to build, that he had all the necessary tools and of the best make and kind, and that such representations were made with knowledge of the facts, or stated as true without knowing them to be true, and made for the purpose of inducing a sale to plaintiff, rendered the complaint sufficient to put defendant to answer, since they were not merely allegations showing the overreaching of another in matters of opinion, but of representations as to actual cost, condition and value, to one who did not know and as to matters in which he could not readily discover the facts.   p. 84.

2. APPEAL.—*Motion for New Trial.—Record.—Briefs.*—Where, on the assignment of error in overruling the motion for a new trial, neither party has complied with Rule 22 of the Supreme Court in setting out the evidence, but each merely sets out his conclusions from the evidence, the court will not search the record to find what the evidence is or consider the questions sought to be presented on the motion, especially where the judgment must be reversed on another ground.   p. 85.

From Tipton Circuit Court; *J. F. Elliott,* Judge.

Action by Charles Beck against Joseph N. Goar.   From a judgment for defendant, the plaintiff appeals.   (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.)   *Reversed.*

*Oglebay & Oglebay, Fred S. Oglebay* and *Kemp & Kemp,* for appellant.

*James M. Purvis* and *Jesse R. Coleman,* for appellee.

MYERS, J.—Appellant's complaint was in four paragraphs. The first three counted upon an alleged written obligation of appellee in the sale of certain personal property, and the good will of a business, and the obligation of appellee not to enter into the business in the city of Tipton, or aid any other person to do so for the period of three years, or in case of violation of the agreement to pay appellant $2,000 with attorney's fees. The fourth paragraph counted upon alleged fraudulent representations in the sale of the same property. A demurrer for want of facts was sustained to the fourth paragraph of complaint, which ac-

tion is assigned as error. The substance of the fourth paragraph is, that appellee was on March 19, 1906, and for six years previous had been operating two meat markets and a slaughter-house in connection therewith in the city of Tipton, and was well versed in the business, with knowledge and experience in the same, and well posted and informed as to the price, cost, value and condition of the tools, fixtures and other appliances situate in the shops, and with a fair reputation for honesty and integrity in his business deals, and that appellant was acquainted with appellee and his reputation. That appellant had been a farmer all his life up to the fall of 1905, when he took up his residence in the city of Tipton with a view to better educational facilities for his children and to engage in some other occupation. That appellee hearing of the latter desire of appellant, solicited him to purchase these markets and the business connected therewith. That for the fraudulent purpose of inducing appellant to purchase at a price greatly in excess of the value of the tangible property, appellee falsely and fraudulently represented that certain ice boxes were new and of the best quality and make, and of the value of $500 each; that there were 50 cans of lard containing 50 pounds each, of the value of $.08 per pound; that the slaughter-house was new, and in good condition, and in working order, and suitable for the business, and cost $500 to build, and that he had all the tools needed, necessary and ample for the operation of the business in the meat markets, and in the slaughter-house, and all of the best make and kind, and that they were of the value of $4,000, but owing to his desire to quit business and go to a farm, he would, if the sale could be made at once, take $3,500 for the property. That appellant had no knowledge of said matters, and no means of knowing the truth in regard to their value, and relied upon the representations of appellee, and believed them to be true, and was thereby induced to, and did pay appellee $3,250 for the property, without making any examination as to the kind,

nature, character and condition of the property as he would have done, save and except for his reliance, trust and confidence in the representations made by appellee. That in truth and in fact, the representations as appellee well knew, were false and faudulent in this, that both of the ice boxes had been recently painted giving them the appearance of being new, and one of them was old, nearly worn out, and only of the value of $100, and the other old, worn out, and of the value of $25. That one of the cash registers was old, and second hand, and of the value of $100, and the other old, much worn, second hand, and much in need of repairs, and of the value of only $40. That one-half the lard cans were only half filled with lard. That the slaughter-house was old, out of repair and unfit for the purpose for which it was needed and necessary, and was so unhealthful and unsanitary as not to comply with the State laws, and appellant was compelled to construct a new one, and that the one he purchased was worth only $200. Prayer for damages.

The representations alleged are not mere opinions of quality and values and conditions; they are allegations of acts, peculiarly within the knowledge of appellee, and 1. he is alleged to have declared the chief articles of the purchase to be new. He had peculiar knowledge about them, that an ordinary man might not as to some of them be able to obtain information. For instance the cost. The ice boxes were alleged to have been recently painted so as to give them the appearance of being new, and as to them, and especially as to the cash registers, few persons possibly would have, or could readily obtain information, as to their condition or value. As to the quantity of lard on hand, an inspection would have informed appellant. As to the slaughter-house, an inspection would doubtless have disclosed whether it was new or old. Whether an inspection would have informed appellant as to its suitableness, and condition, or what was required, may be doubtful. The allegations that it was represented that the property was new,

and had cost a given sum, were facts which possibly could not be ascertained without much difficulty, if at all, and a man will not be heard to state a fact as true which he knows is not true, for the purpose of inducing another who is ignorant of the facts to believe him, and act upon it, to his harm, and then claim that he ought not to have relied upon it. It is not merely overreaching another in a matter of opinion as to condition or quality, but an allegation of a representation as to the actual cost, condition and value, by one who actually knew the facts, to one who did not know, and could not readily discover the facts. *Culley* v. *Jones* (1905), 164 Ind. 168, 73 N. E. 94; *Coulter* v. *Clark* (1903), 160 Ind. 311, 66 N. E. 739; *Rohrof* v. *Schulte* (1900), 154 Ind. 183, 55 N. E. 427; *Manley* v. *Felty* (1896), 146 Ind. 194, 45 N. E. 74; *Kramer* v. *Williamson* (1893), 135 Ind. 655, 35 N. E. 388; *Robinson* v. *Reinhart* (1894), 137 Ind. 674, 36 N. E. 519; *Ledbetter* v. *Davis* (1889), 121 Ind. 119, 22 N. E. 744; *West* v. *Wright* (1884), 98 Ind. 335; *Cross* v. *Herr* (1884), 96 Ind. 96; *Dodge* v. *Pope* (1884), 93 Ind. 480; *Bethell* v. *Bethell* (1883), 92 Ind. 318; *Jones* v. *Hathaway* (1881), 77 Ind. 14, 21; *Hoffa* v. *Hoffman* (1870), 33 Ind. 172; *Matlock* v. *Todd* (1862), 19 Ind. 130, 135; *Peter* v. *Wright* (1855), 6 Ind. 183; *Fitzmaurice* v. *Puterbaugh* (1897), 17 Ind. App. 318, 45 N. E. 524; *Bloomer* v. *Gray* (1894), 10 Ind. App. 326, 37 N. E. 819; *Armstrong* v. *White* (1894), 9 Ind. App. 588, 37 N. E. 28. The fourth paragraph of complaint was sufficient to put appellee to answer.

2. Error is assigned in overruling the motion for a new trial. Neither of the parties has complied with Rule 22 of this court in setting out the evidence. Appellant has set out what his conclusions are as to what the evidence shows. These conclusions appellee asserts are not correct, and he in turn sets out his conclusions as to what the evidence shows. One statement is just the reverse of the other on the material questions sought to be presented as to the motion for a new trial. In this condition of the record,

as the judgment must be reversed on account of the ruling upon the fourth paragraph of the complaint, we will not take time to find what the evidence is, or consider the questions sought to be presented upon the motion for a new trial. *Webster* v. *Bligh* (1912), 50 Ind. App. 56, 98 N. E. 73; *American Fidelity Co.* v. *Indianapolis, etc., Fuel Co.* (1912), 178 Ind. 133, 98 N. E. 709; *Outcault Advertising Co.* v. *Harry Joseph, etc., Co.* (1912), 51 Ind. App. 55, 98 N. E. 1005; *Turner* v. *Hartman* (1912), 49 Ind. App. 224, 97 N. E. 19; *Stauffer* v. *Hulwick* (1911), 176 Ind. 410, 96 N. E. 154.

The judgment is reversed with instructions to the court below to overrule the demurrer to the fourth paragraph of complaint, and for further proceedings not inconsistent with this opinion.

Morris, J., did not participate in this decision.

Note.—Reported in 100 N. E. 1. See, also, under (1) 20 Cyc. 98; (2) 2 Cyc. 987, 1013. As to action for false representations in respect of value, see 18 Am. St. 556.