## MAYWOOD STOCK FARM IMPORTING COMPANY *v.* PRATT

[No. 8,760. Filed November 18, 1915.]

1. EVIDENCE.—*Admissibility.*—*Opinions.*—Where a witness, in an action for fraud in the sale of a horse, had testified to facts showing that he possessed some information and skill in relation to the disease with which the horse was alleged to be afflicted, not within the common knowledge and experience of ordinary men general,ly the admission of his testimony to the effect that the horse had "summer sores" was not reversible error; and, even were the wit-

ness not qualified as an expert, the admission of the testimony was not error, in view of the fact that it was based on observations of the witness and on facts within his personal knowledge related to the jury. p. 137.

2. APPEAL.—*Review.—Evidence.—Admissibility.*—In an action for fraud in the sale of a stallion, where a witness was asked if he could state why mares were not bred after a certain time, to which appellant objected on the ground that the question called for a conclusion and was hearsay, and the court, before the witness answered, cautioned him that he might state why they were not bred, but not what was said, the admission of the answer of the witness that the horse "was sore and they could not breed to him," was not error, since, in the absence of any objection on the ground that he had not stated any facts or observations on which to base an opinion, or from which he might draw a conclusion, it must be assumed that the witness had stated some facts as a basis for the answer given. p. 138.

3. APPEAL.—*Review.—Objections to Evidence.—Waiver.*—Where the amount of the damages was not questioned by the motion for a new trial, questions presented on the admission and exclusion of evidence relating solely to the question of damages were waived. p. 139.

4. FRAUD.—*False Representations.—Instructions.*—Instructions in an action for fraud in the sale of a stallion afflicted with "summer sores," stating that if the stallion was in fact afflicted at the time of its purchase by plaintiff, with summer sores which rendered it unsound at the time, and defendant, not knowing whether it was afflicted or unsound, represented to plaintiff for the purpose of inducing him to purchase, that such stallion was not so afflicted, or that it was sound, and such statement or statements were believed and relied upon by plaintiff, he was entitled, if they were untrue, to recover; and that if a party makes material representations to induce another to purchase what he offers for sale, and the purchaser relies upon and in good faith believes same without knowing the contrary, and thereon purchases the property, which is in fact defective and not as represented, by reason of which he is damaged, a liability arises against the party making the representations regardless of whether he at the time knew that they were false; correctly stated the law applicable to the issues and evidence of the case, regardless of the fact that the complaint alleged that defendant at the time of making the representations knew that they were false. pp. 139, 141.

5. ACTION.—*Pleading.—Averments.—Proof.*—A party may, in the same paragraph, aver more facts than are necessary to state a cause of action and recover on proof of such of the facts so alleged as constitute a cause of action, even though some of the facts averred are not proven; and, under such circumstances the case proven is within the issues and there is neither a change of theory nor variance. p. 141.

6. APPEAL.—*Review.—Instructions.*—In an action for fraud in the

sale of a horse, an instruction that if appellant's agent who made the sale to appellee represented the horse to be sound, such statement "would imply that said agent knew that said horse at said time, and that he was speaking from his own knowledge", etc., was not indefinite or uncertain and did not invade the province of the jury, though omitting the words "was sound" or words of like import after the words "at said time", where the rest of the instruction made its meaning clear, and, when considered with the other instructions, substantially stated the law correctly. p. 141.

7. Fraud.—*False Representations.*—*Liability.*—Where one makes an unqualified statement of a fact as of his own knowledge and induces another to act upon it, and the fact does not exist, the law will impute to him a fraudulent purpose. p. 142.

8. Appeal.—*Review.*—*Refusal of Peremptory Instruction.*—In an action for fraud in the sale of a horse the court properly refused to direct a verdict for defendant, in view of the admission of defendant's agent that he made the statement attributed to him without personal knowledge of its truth, and of other evidence of similar import. p. 143.

9. Appeal.—*Review.*—*Refusal of Instructions.*—In an action for fraud in the sale of a horse, the refusal of an instruction to the effect that a mere expression of opinion does not amount to a representation was not error, where the court stated in another instruction that a representation to be fraudulent must not be a mere expression of opinion or relate to facts "open to plaintiff as well as to defendant." p. 143.

10. Appeal.—*Review.*—*Refusal of Instructions.*—In an action for fraud in the sale of a horse, where there was evidence to show that the one who made the alleged false representations was in the employ of defendant and had authority to make the sale, and the representations related to matters peculiarly within the knowledge of defendant and its agent, and of which the plaintiff could not know and concerning which he made inquiry, the court properly refused an instruction requested by defendant on the theory that a purchaser has no right to rely upon representations where he has reasonable opportunity of examining the property and judging for himself as to its qualities. p. 144.

11. Appeal.—*Review.*—*Refusal of Instructions.*—There is no error in the refusal of instructions where those given fully and correctly state the law applicable to the issues and facts of the case. p. 145.

From Hamilton Circuit Court; *Joseph A. Roberts*, Special Judge.

Action by Horace A. Pratt against the Maywood Stock Farm Importing Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Joseph B. Kealing, Martin M. Hugg, Ralph Kane* and *Thomas Kane,* for appellant.

*Tindall & Tindall, Gentry & Cloe* and *Arthur C. Van Duyn,* for appellee.

FELT, J.—Appellee brought this suit against appellant in the Marion Circuit Court to recover damages for fraud in the sale of a stallion. After the issues were formed, on motion of appellee, the cause was venued to the Hamilton Circuit Court where a trial by jury resulted in a verdict for appellee for $1,900. From a judgment rendered thereon appellant appealed to this court and has assigned as error the overruling of its motion for a new trial.

The complaint alleges in substance that appellant is a corporation organized under the laws of this State and is engaged in the business of importing and selling draft stallions to be used for breeding purposes; that in February, 1911, appellee visited appellant's stock farm and stated to it that he was desirous of purchasing a good draft stallion for breeding purposes; that appellant exhibited to him a large black stallion, named "Hector," and for the purpose of cheating and defrauding appellee and inducing him to purchase the stallion falsely and fraudulently represented to appellee that the horse was an excellent stallion for breeding purposes, and was sound in every way and was worth the sum of $3,000 for breeding purposes and then and there offered to sell him to appellee for that sum; that at the time the horse was afflicted with a disease commonly called "summer sores," which disease was indicated by a chafed, inflamed and scarred appearance about the hocks of the stallion; that appellee was at the time wholly ignorant of the nature, character, appearance, symptoms and existence of such disease in horses, which fact appellant well knew at

the time; that appellee did at the time observe the
chafed, inflamed and scarred appearance about the
hocks of the horse and for the purpose of being in-
formed as to the cause and nature of the same, asked
appellant what caused such condition, whereupon ap-
pellant, for the purpose, and with the intent to de-
ceive, cheat and defraud appellee, falsely stated that
said stallion had injured its legs and hocks in con-
tact with some part of the stall thereby rubbing and
chafing the same and thereby causing the injured
condition about which appellee inquired; that the
same was of no consequence or importance and
the injuries would be entirely well within a few
days and that the same would in no way injuriously
interfere with or affect the value or usefulness of
said stallion; that for the purpose of cheating and
defrauding appellee, appellant also stated to his
agent, one Joshua J. Pratt, his father, that said
sores were injuries received in the stall and that the
same were of no consequence and would be well with-
in a few days and that said stallion was sound in
every way; that appellee and his said agent were
wholly ignorant of the falsity of said statements and
representations and appellee relied upon and be-
lieved said false explanation as to the sores and the
soundness of the stallion, and so believing and rely-
ing, did purchase the stallion from appellant and in
payment therefor executed to it his two promissory
notes calling for $1,500 each, dated March 1, 1911,
and due respectively in one and two years from date;
that appellant delivered the horse to appellee at the
city of Greenfield, Indiana, at which time and place
for the purpose of inducing him to accept the stal-
lion, the defendant again, prior to such acceptance,
falsely represented to appellee's said agent, that the
sores upon and about the hocks of the stallion were
injuries received in the stall and that they would be

well within a few days and that the stallion was sound in every way; that appellee and his said agent believed and relied upon the false statements and were ignorant of the falsity thereof, and so relying, did accept the stallion; that at the time said false representations were made, the stallion was afflicted with summer sores which rendered him unsound and unfit for breeding purposes; that appellant knew at the time the false representations were made by it to appellee that the same were false and fraudulent representations, and that the stallion was at the time afflicted with summer sores and was unsound; that the false and fraudulent representations were then and there made by appellant to appellee and his agent with intent on the part of appellant to cheat, deceive and defraud appellee and for the purpose of securing from him said two notes; that said disease was and is of such a character that shortly after the delivery of the stallion, the sores began to discharge serum and suppurate and appeared in four several places upon the stallion; that as the weather grew warmer, the sores continued to spread, grew larger, more aggravated, and continued to slough away, and emitted a foul odor and caused the horse to become unsightly and very lame, and rendered him wholly worthless for breeding purposes; that the disease is one of the blood and is transmissible to and inheritable by colts begotten by a stallion afflicted therewith; that appellee is and will be unable to procure the owners of mares to breed the same to said stallion because of such unsound and diseased condition, whereby the stallion is wholly useless and without value to appellee; it is also alleged that appellant transferred and indorsed the notes given by appellee, before the same came due, for a valuable consideration for the purpose of more effectually de-

frauding appellee. That appellee offered to return the stallion to appellant but it refused to receive him.

In its motion for a new trial appellant sets out fifty-nine specifications but we consider only those presented by the briefs.

Over appellant's objection that the witness had not shown himself to be an expert and was not qualified to express an opinion on "summer sores", William F. Thomas was permitted to testify in substance that sores he observed on the horse in controversy were "summer sores". The witness had previously testified that he was a horseman and had handled a good many horses; that he had bought and sold some and had raised a good many draft horses; that he had seen a good many horses with summer sores; that he was familiar enough with such sores to know them when he saw them; that one of his neighbors had a horse that was so afflicted and his attention had been called to several draft horses that had summer sores; that he observed the sores; that he had observed the scars occasioned by summer sores before he observed this particular horse; that he believed he could tell from his own judgment whether it was a summer sore or caused by something else. The witness showed that he possessed some information and skill in relation to the subject under investigation, not within the common knowledge and experience of ordinary men generally, and it was not therefore reversible error for the trial court to permit him to testify as he did. *Archer* v. *Ostemeier* (1914), 56 Ind. App. 385, 393, 105 N. E. 522, and cases cited; *Louisville, etc., R. Co.* v. *Donnegan* (1887), 111 Ind. 179, 191, 12 N. E. 151. Furthermore, the testimony was based on observations of the witness and on facts within his personal knowledge, related to the jury. Where this

is true and the witness has thereby shown any basis for the inference or opinion stated, it is not error to receive such testimony though the witness is not an expert on the subject under investigation. The evidence is thereby rendered competent and its weight is to be determined by the jury, or court, trying the case. *Horace F. Wood Transfer Co.* v. *Shelton* (1913), 180 Ind. 273, 278, 101 N. E. 718; *Archer* v. *Ostemeier, supra,* and cases cited.

It is next insisted that the court erred in overruling appellant's objection to a question asked one of appellee's witnesses as follows: "Q. Can 2. you state to the jury why mares were not bred after that time?" The objection was that the question called for a conclusion and was hearsay. Before the witness answered the question the court stated that he might answer why they did not breed, state the cause, but not what was said. The witness then answered: "Why he was sore and they could not breed to him." Giving appellant the benefit of the objections made to the question and treating the statement of the court as an admonition to the witness not to enlarge upon or misinterpret the meaning of the question, we proceed to determine the competency of the evidence. Literally construed the question could be answered by yes or no, but ascribing to it a meaning that called for an opinion or conclusion of the witness, there is no objection that the witness had not stated any facts or observations on which to base an opinion, or from which he might draw a conclusion, and we therefore consider the question upon the hypothesis that the witness had stated some facts as a basis for the answer given to the question. Furthermore, the answer clearly indicates that such was the case. Viewed in this light it was not error to permit the witness to answer the question. 5 Ency. Evidence

651 *et seq; Louisville, etc., R. Co.* v. *Donnegan,*
*supra,* 190, 191; *Carthage Turnpike Co.* v. *Andrews*
(1885), 102 Ind. 138, 142, 1 N. E. 364, 52 Am. Rep.
653; *Goodwin* v. *State* (1884), 96 Ind. 550, 558;
*Louisville, etc., R. Co.* v. *Miller* (1895), 141 Ind.
533, 554, 37 N. E. 343.

Several questions are discussed in regard to the admission and exclusion of evidence which relate only to the question of damages. The amount

3. of damages is not questioned by the motion for a new trial, and the errors, if any, relating thereto are thereby waived. *Peabody-Alwert Coal Co.* v. *Yandell* (1913), 179 Ind. 222, 229, 100 N. E. 758; *Pittsburgh, etc., R. Co.* v. *Macy* (1915), 59 Ind. App. 125, 107 N. E. 486, and cases cited.

Appellant objected to the giving of instructions Nos. 2 and 8 requested by appellee which are as follows: (2) "If the stallion in question was in fact afflicted with summer sores at the time

4. of its purchase by the plaintiff, although such disease was in its incipient or dormant stage at that time, which rendered said stallion unsound at that time, and that the defendant company, not knowing whether said stallion was afflicted with summer sores or whether it was unsound, by its agent represented to the plaintiff for the purpose of inducing him to purchase said stallion, that it was not afflicted with summer sores, or that it was sound, which statement or statements the plaintiff believed and relied upon, and so relying purchased said stallion and that said statements turned out to be untrue, if they were untrue, then the plaintiff would be entitled to recover in this case." (8) "If a party, for the purpose of inducing another party to purchase property, makes material representations concerning the soundness of property, which representations the other party re-

lies upon and believes in good faith without knowing the contrary, and thereon purchases the property, which turns out to be defective, and not as represented, by reason of which the purchaser is damaged, the party making such representations will be liable to the injured party in damages as for fraud, without regard as to whether the party making such representations knew at the time he was making them that they were false." It is urged against these instructions that they omit (1) the element of fraud on which appellee's action is based, (2) the element of appellant's knowledge of the falsity of the alleged statements relied upon by appellee and (3) appellant's knowledge that appellee was ignorant of the nature and character of summer sores. Also that the complaint proceeds on the theory that the alleged fraudulent statements were known to appellant to be false and the instructions go outside the issues and authorize a recovery by proof that such statements were in fact made without showing that appellant at the time knew they were false. Where a party assumes to know and makes unqualified statements of material facts susceptible of knowledge, to induce another to act, if the statements are false, and are relied upon by another to his injury, it amounts to a fraud which renders the party making them liable therefor to such injured party, and it is no defense that he believed the statements so made to be true or that he did not in fact know they were false. *Kirkpatrick* v. *Reeves* (1889), 121 Ind. 280, 282, 22 N. E. 139; *New* v. *Jackson* (1912), 50 Ind. App. 120, 124, 95 N. E. 328; *Wheatcraft* v. *Myers* (1914), 57 Ind. App. 371, 377, 107 N. E. 81; *Anderson* v. *Evansville Brew. Assn.* (1912), 49 Ind. App. 403, 407, 97 N. E. 445. The theory of appellee's complaint is that of a fraudulent sale of the horse. If the alleged false

statements were in fact made by appellant's agent who sold the horse to appellee, to induce him to make the purchase, and he relied thereon, and, without knowledge of their falsity, purchased the horse which was diseased and not as represented, and he was thereby damaged, it was a fraudulent sale regardless of whether the person who made such representations knew them to be false, or knew or did not know, that appellee was ignorant of the nature and character of the disease with which the horse was afflicted. A party may, in the same paragraph aver more facts than are necessary to state a

5.  cause of action and recover on proof of such of the facts so alleged as constitute a cause of action, even though some of the facts averred be not proven. Where this is true the case proven is within the issues, the theory is not changed and there is no variance. *Pittsburgh, etc., R. Co.* v. *Ervington* (1915), 59 Ind. App. 371, 108 N. E. 133; *Rock Oil Co.* v. *Brumbaugh* (1915) 59 Ind. App. 640, 108 N. E. 260; *National, etc., Vehicle Co.* v. *Kellum* (1916), 184 Ind. — , 109 N. E. 196; *Title Guaranty, etc., Co.* v. *State, ex rel.* (1916), 61 Ind. App. — ; 109 N. E. 237, 244; *Louisville, etc., Traction Co.* v. *Lottich* (1915), 59 Ind. App. 426, 106 N. E. 903. The instructions above set out are substantially correct statements of the law applicable to

4.  the issues and evidence of the case, and the court therefore did not err in giving them.

Objection is also made to instruction No. 7 given by the court, on the ground that it invades the province of the jury on the question of fraud and

6.  that it is indefinite and uncertain as to what appellant's agent knew in regard to the horse at the time of sale. The instruction in substance told the jury that if appellant's agent who made the sale to appellee represented the horse to be sound,

such statement "would imply that said agent knew that said horse at said time, and that he was speaking from his own knowledge, and the plaintiff would have the right to rely on said statement if made, and if the plaintiff was induced to purchase said horse on account of said statement, if made, and if said horse was not at said time sound, but was unsound, and plaintiff relied on such statement, if made, and purchased said horse, relying thereon, and was damaged thereby, then in such event you should find for the plaintiff in such amount as he has been damaged, if any, as shown by the evidence in this cause." The instruction conveys the idea that if the agent represented the horse to be sound, such statement would imply that he knew the horse at said time was sound, but the words "was sound" or words of like import, seem to be omitted after the words "at said time". However the rest of the instruction makes the meaning clear and no harm could have resulted to appellant since the instruction as a whole when considered in connection with the other instructions given, substantially states the law correctly as applied to the issues and facts of the case. Furthermore in its brief, appellant says "There is evidently a clerical error in transcribing this instruction." *Staser* v. *Hogan.* (1889), 120 Ind. 207, 225, 226, 21 N. E. 911, 22 N. E. 990. In *Kirkpatrick* v. *Reeves, supra,* 282 the court said: "A defendant who makes a statement of his own

7. knowledge can not escape liability upon the ground that he acted upon trustworthy information. An unqualified statement that a fact exists, made for the purpose of inducing another to act upon it, implies that the person who makes it, knows it to exist, and speaks from his own knowledge. If the fact does not exist, and the defendant states of his own knowledge that it does, and in-

duces another to act upon his statement, the law will impute to him a fraudulent purpose." See, also, *Beck v. Goar* (1913), 180 Ind. 81, 85, 100 N. E. 1; *Wheatcraft* v. *Myers, supra; New* v. *Jackson, supra.*

Appellant tendered a peremptory instruction for a verdict in its favor and asserts that the court erred in refusing to give it. Appellant's agent who made the sale, while testifying as a witness in the case, admitted that he stated to appellee that the horse was sound and that the scratches or sores on his limbs were caused by rubbing against timbers in the stall; that he said they did not amount to anything, that the horse was as sound as a dollar and did not have summer sores. On cross-examination the same witness admitted that he made this statement, without personal knowledge of its truth and that he was not present when the "scratch" was received and did not see it until three to five days later. In view of this and much other evidence of the same import, the court properly refused to give the peremptory instruction.

Appellant also complains of the refusal of the court to give instruction No. 2 tendered by it to the effect "that a mere expression of opinion by one of the parties to a contract does not amount to a representation." The instruction states the law correctly but the court did not err in refusing to give it for the reason that by instruction No. 16 given at the request of appellant, the jury was told, among other things, that a statement or representation to be fraudulent must not be a mere expression of opinion or relate to facts "open to the plaintiff as well as to the defendant."

Complaint is also made of the refusal of the court to give instruction No. 6 which is as follows: "Any defect in the horse which was purchased by the

plaintiff from the defendant and which was open to observation and which was observed by the plaintiff before he purchased the horse, should have been examined and investigated by him before he purchased said horse, and if after observing said defect, he or his agents inquired of W. B. Mount, acting for the defendant, as to the nature of this defect, then I instruct you that anything that was said by said Mount to the plaintiff or his agent, concerning the same was a mere expression of opinion on the part of said Mount and would not be sufficient to constitute the basis of fraud in this action." Appellant contends that "a purchaser has no right to rely upon the representations of the vendor as to the quality of the property where he has reasonable opportunity of examining the property and judging for himself as to its qualities." There is evidence tending to prove that Mount was in the employment of appellant and had authority to make the sale. As such agent he represented appellant and it is bound by his statements of alleged facts made to induce appellee to make the purchase. The statements made related to matters peculiarly within the knowledge of appellant and its agent and did not pertain to matters so open and apparent as to place the parties on the same footing in respect to the representation of facts made by the one, and relied upon by the other party to the transaction. As to the cause, nature and character of the scratches or scars on the horse's limbs, appellee was at the time ignorant. He could not then have known for himself, the facts relating thereto, and the evidence discloses that he sought information from appellant's agent who made the sale and that he assumed to know and state the facts, which, if true as stated, would not have materially affected the value of the horse, or indicated

any disease of a serious character. The rule of *caveat emptor*, which appellant sought to place before the jury by this instruction was not applicable. As applied to the issues and facts of this case the instruction is objectionable and was properly refused. *Beck* v. *Goar, supra*; *Judy* v. *Jester* (1913), 53 Ind. App. 74, 86, 100 N. E. 15; *Ohlwine* v. *Pfaffman* (1913), 52 Ind. App. 357, 362, 364, 100 N. E. 777.

Complaint is also made of the giving of other instructions and of the refusal to give others tendered by appellant. Those refused, as far as correct statements of the law applicable to the case, were covered by others which were given. The instructions given, when considered as a whole, fairly and fully state the law applicable to the issues and facts of the case.

Appellant's contentions are mainly based on views of the law, which if ever applicable to such a case as is disclosed by the record, are not now sustained by the decisions of this court and our Supreme Court.

The case seems to have been fairly and impartially tried on the merits and substantial justice seems to have been done between the parties. The record discloses no intervening error prejudicial to appellant which would warrant a reversal. *Driscoll* v. *Penrod* (1911), 176 Ind. 19, 25, 95 N. E. 313. Judgment affirmed.

NOTE.—Reported in 110 N. E. 243. Effect of fraudulent concealment by vendor, see 15 Am. Dec. 106. On statements made without knowledge of falsity as ground for action for fraud, see 18 L. R. A. (N. S.) 379. See, also, under (1) 17 Cyc 60, 66; (2) 3 Cyc 300; (3) 3 C. J. 988; 29 Cyc 750; (4) 20 Cyc 127, 128; (5) 31 Cyc 701; (6) 38 Cyc 1598, 1599, 1778; (7) 20 Cyc 27; (8) 38 Cyc 1567; (9, 11) 38 Cyc 1711; (10) 38 Cyc 1617.