## MAURER v. MUELLER.

[No. 14,344.  Filed May 11, 1932.  Rehearing denied October 28, 1932.  Transfer denied January 10, 1933.]

*Nat H. Youngblood,* for appellant.

*Edmund L. Craig* and *William L. Mitchell,* for appellee.

CURTIS, J.—This was an action for damages and to foreclose a vendor's lien upon certain real estate described in the complaint. The cause of action arose out of a contract between .the parties alleged to have been fraudulently induced by the appellant whereby the appellee, to her damage, exchanged 10 lots and a cash payment of $2,000.00 for a retail grocery store owned by the appellant in the City of Evansville, Indiana. The complaint was in one paragraph to which a motion was filed to strike out certain parts. From the record before us it will be presumed that this motion was withdrawn. The appellant filed a demurrer to the complaint which was overruled and an exception reserved. An answer in general denial was then filed and the cause submitted to the court for trial without a jury. There was finding for the appellee. Upon a motion for a new trial being filed, it was overruled and an exception taken. A judgment was entered for the appellee in accordance with the finding and this appeal prayed and perfected.

The errors assigned and relied upon for reversal are: "(1) The court erred in overruling appellant's demurrer to appellee's complaint. (2) The court erred in overruling appellant's motion for a new trial."

The motion for a new trial contains five causes, as follows: "(1) The damages assessed by the court are excessive. (2) Error in the assessment of the amount of recovery, in this, the amount is too large. (3) The decision of the court is not sustained by sufficient evidence. (4) The decision of the court is contrary to law. (5)

The court erred in admitting in evidence, over the objection of the defendant, plaintiff's exhibit No. 1, purporting to be an inventory of the merchandise and fixtures and their value at the time of the sale from defendant to the plaintiff."

The complaint, among other things, alleges: That the appellant owned and had for some time owned a stock of grocery merchandise and fixtures; that he represented to the appellee that said stock was in good first class salable condition and would inventory in excess of $8,000.00 and was fairly worth that amount and that she could earn easily the net sum of $200.00 per month in conducting said business; that upon the occasion when the appellee went to said store to look it over the appellant pointed out a large number of boxes which he falsely said contained canned goods all in first class salable condition, whereas in truth and in fact a large percentage of said boxes were empty and the canned goods actually in stock were bad and unsalable and worthless which was well known to the appellant; that the appellee was 67 years of age and infirm and with no experience in the grocery business, all of which was well known by the appellant; that appellee's inspection of the store was when it was growing dusk and the store was poorly lighted; that the appellee relied upon the said representations of the appellant and believed them to be true and was induced thereby to pay the appellant the sum of $2,000.00 in cash and to transfer to him the real estate described in the complaint of the value of $6,000.00 for said stock of goods and fixtures; that in truth and in fact said stock of merchandise and fixtures were practically worthless and worth not to exceed $1,300.00; that the appellee ran said store for approximately five weeks and lost money all during said time whereupon she sold said stock of merchandise and fixtures for the sum of $1,300.00, which sum represented

the fair value thereof; that had the representations of the appellant been true the appellee would have received the fair value of her property; that the false representations of the appellant were made as to material facts and made with a knowledge of their falsity for the purpose of inducing the appellee to act thereon to her detriment and that she relied upon said false representations of the appellant and believed them to be true and did act thereon to her damage.

The demurrer was for want of sufficient facts and is as follows: "The defendant, Philip J. Maurer, demurs to plaintiff's complaint herein and for cause of demurrer says that said complaint does not state facts sufficient to constitute a cause of action. Memoranda. (1) Said complaint is based upon alleged false representations growing out of a sale contract of merchandise and the facts alleged therein show conclusively that the doctrine of caveat emptor should apply. (2) The facts alleged in said complaint show that the plaintiff had an equal opportunity to ascertain the condition of the merchandise sold by the defendant to the plaintiff and therefore the plaintiff cannot recover on the grounds of fraud." We believe the complaint states a cause of action and there was no error in overruling the demurrer addressed to it.

In *Williamson et al.* v. *Woten* (1892), 132 Ind. 202, 31 N. E. 791, an action was commenced to recover damages because of fraudulent representations made regarding certain lands traded by the defendant to the plaintiff for lands owned by the plaintiff. The facts pleaded showed that the plaintiff was fraudulently induced by the defendant to accept in payment for the purchase price of his land, property worth much less than it would have been had it been as represented. It was held that a cause of action was stated and that the plaintiff was entitled to recover in damages the difference in the value

of the land between what it was represented to be worth and what it actually was worth, and that equity would protect the plaintiff by a vendor's lien.

The case of *Nysewander* v. *Lowman* (1890), 124 Ind. 584, 24 N. E. 355, 357, is one of the early cases in point in this state and has been cited with approval many times, not only in Indiana but in many of the other states. The complaint in that case, in substance, alleged that the plaintiff exchanged land with the defendant for shares of the capital stock of a corporation of which the defendant was president; that the defendant knew the financial condition of the corporation and the value of its capital stock; that for the purpose of defrauding the plaintiff and to induce him to accept the stock, the defendant represented that the financial condition of the corporation was good and that its capital stock was worth par value; that for the purpose of preventing the plaintiff from ascertaining the condition of the corporation and the value of its capital stock, the defendant fraudulently requested the plaintiff to make no inquiries as to the financial condition of the company or as to the value of its capital stock, for the reason that he did not want other stockholders to know that he was selling his stock; that the plaintiff, relying upon the representations of the defendant exchanged his land for the stock; that the defendant knew at the time of making the representations that the corporation was insolvent and its capital stock worthless. It was held that the complaint stated a cause of action for damages caused by fraudulent representations and was good against demurrer. It was also held that the measure of damages was the difference between the actual value of the corporate stock and its value had it been as represented by the defendant, and not the value of the land exchanged for the stock and that the complaint was not bad for failure to state the value of the land exchanged for the stock. It

was further held that while a party cannot sue for the rescission of a contract while retaining the goods received under it, he may retain the goods and maintain an action for fraudulent representations. The court also announced the following rule: "It is well settled that, where a vendee fraudulently induces a vendor to accept in payment of the purchase money property that is worthless or of less value than represented, the lien (vendor's lien) is not waived," citing authorities. In the above case the court said that the evidence in favor of the plaintiff was much stronger than the allegations of the complaint. The same may be equally said of the instant case. We also quote with approval from the case of *Ohlwine* v. *Pfaffman* (1913), 52 Ind. App. 357, 100 N. E. 777, 778, as follows: "Where a person has been induced to enter into a contract by fraud, he has his choice of remedies. He may repudiate the contract in toto, return, or offer to return, whatever of value he has received under it, and recover the property he has parted with, or its value; or he may affirm the contract, keep whatever of property or advantage he has obtained under it, and recover the damages he has sustained by reason of the fraud perpetrated upon him in the transaction. . . . To affirm the contract, retain the actual consideration received under it, and ratify the transaction falls short of a ratification with full knowledge of the fraud, intending thereby to abandon all right to recover damages sustained on account of such fraud." In the instant case the appellee chose the second remedy mentioned in the last above case.

We have read the evidence presented in the briefs, and, in our opinion, it sustains every material allegation of the complaint. In a case somewhat similar, our Supreme Court said: "The allegations that it was represented that the property was new, and had cost a given sum, were facts which possibly could not be ascertained

without much difficulty, if at all, and a man will not be heard to state a fact as true which he knows is not true, for the purpose of inducing another who is ignorant of the facts to believe him, and act upon it, to his harm, and then claim that he ought not to have relied upon it. It is not merely overreaching another in a matter of opinion as to condition or quality, but an allegation of a representation as to their actual cost, condition, and value, by one who actually knew the facts, to one who did not know, and could not readily discover the facts." See *Beck* v. *Goar* (1913), 180 Ind. 81, 100 N. E. 1, 2, citing many authorities. In the recent case of *Cole* v. *McLean* (1931), 93 Ind. App. 526, 532, 177 N. E. 348, 350, this court said: "While, in the course of ordinary business transactions, men are expected to exercise reasonable prudence and not to rely upon others with whom they deal to care for and protect their interest, yet this requirement is not to be carried so far that the law shall ignore or protect positive intentional fraud successfully practiced upon the simple minded or unwary. As between the original parties, one who has intentionally deceived the other to his prejudice is not to be heard to say in the defense of the charge of fraud that the innocent party ought not to have trusted him."

We believe there is ample evidence to sustain the decision of the court and that the decision is not contrary to law. We have found no reversible error in the admission of evidence. The motion for a new trial was correctly overruled.

Judgment affirmed.